In the Matter of the Application for Leave to Issue Execution Pursuant to Section 653 of the Civil Practice Act, by CENTRAL ILLINOIS COMPANY, as Assignee of the Judgment Obtained in an Action in the City Court of the City of New York, County of New York, entitled CENTRAL REPUBLIC BANK & TRUST COMPANY, Plaintiff, against HENRY D. CLEVELAND, Defendant, a Transcript of Which Judgment Was Filed, and Said Judgment Docketed, in the Office of the Clerk of the County of New York.

Supreme Court, Special Term, New York County, August 21, 1939.

*Gould & Wilkie,* for the assignee of the judgment creditor.

*Robert Emmet Connolley,* for the defendant judgment debtor.

NOONAN, J.   This is an application by the Central Illinois Company pursuant to section 653 of the Civil Practice Act for leave to issue execution on the judgment against Henry D. Cleveland, entered in the City Court of the city of New York on August 24, 1932.   The defendant Cleveland opposes the application on the ground that the judgment was discharged in bankruptcy proceedings in which the defendant Cleveland was adjudicated a bankrupt on August 21, 1936, in the United States District Court for the Southern District of New York.   It appears that on and prior to August 24,

1932, the defendant Cleveland was indebted to the Central Republic Bank & Trust Company for $1,500 and interest, constituting the unpaid balance of a loan. The loan had been made originally by the Central Trust Company of Illinois, a Chicago banking institution which had consolidated to form Central Republic Bank & Trust Company. On August 17, 1932, a summons and complaint in an action to recover said indebtedness were served on the defendant Cleveland in New York city. Judgment was thereafter entered on August 24, 1932, in favor of Central Republic Bank & Trust Company for $1,711.81. A subpœna in supplementary proceedings dated August 25, 1932, was served on the defendant Cleveland who thereafter executed in person a stipulation respecting said subpœna. The name of the judgment creditor was set forth in full in the summons and complaint in the action and in the said subpœna and stipulation in the supplementary proceedings. On August 21, 1936, the defendant Cleveland filed a voluntary petition in bankruptcy and the final creditor in the schedules is listed as " Central Trust Company, Chicago, Ill., in liquidation — Judgment, 1932, $1,500."

The referee in bankruptcy states that notices of the bankruptcy were sent to such creditor. By assignment dated October 2, 1934, the judgment was duly assigned by the judgment creditor to the Central Illinois Company, the present movant, which assignment was filed in the office of the clerk of New York county on October 18, 1934.

It is the plaintiff's claim that neither the judgment creditor nor its receivers, nor the present plaintiff, ever received any notice of bankruptcy. The question is whether plaintiff's claim is barred by reason of the defendant's discharge in bankruptcy. The law does not call upon a bankrupt to run down all his obligations and name the present holders of them at the risk of having his discharge held ineffective against them. This does not mean, however, that the bankrupt may list the original creditor when he knows or ought to know that another is the present holder of his obligation. (*Matter of Osofsky*, 50 F. [2d] 241.) In the instant case the defendant was served in the action in which judgment was later obtained and when he was served in supplementary proceedings he was put on notice that the judgment was obtained by a person other than the one which he subsequently named as his creditor in his bankruptcy schedules. Proper and diligent inquiry would have disclosed the holder of the indebtedness. Here the listing was defective in several respects. The name of the creditor was erroneously given and no address was stated. The plaintiff's claim herein was not barred by the discharge in bankruptcy and this motion is accordingly granted. Settle order.