## In re CLEVELAND.

District Court, S. D. New York.
Dec. 6, 1939.

Robert Emmet Connolley, of New York City, for bankrupt.

Gould & Wilkie, of New York City, for judgment-creditor Central-Illinois Co.

CONGER, District Judge.

This is an application by the bankrupt for an order enjoining the Central-Illinois Company from collecting a judgment, as the assignee of a New York City Court judgment in the sum of $1,711.81, obtained by the Central Republic Bank & Trust Company.

It appears that prior to August, 1932, the bankrupt was indebted to the Central Republic Bank & Trust Company for $1,500 and interest, constituting the unpaid balance of a loan. The loan had been made originally by the Central Trust Company of Chicago, Ill., a Chicago banking institute which had consolidated to form the Central Republic Bank & Trust Company.

The judgment was entered in August, 1932, and assigned to the Central Illinois Company in October, 1934. In August, 1936, Henry D. Cleveland, the judgment-debtor, was adjudicated a bankrupt. In his schedules of creditors, the bankrupt listed the judgment in question as: "Central Trust Co. of Chicago, Ill., in Liquidation, Judgment, 1932........$1500."

Prior to his adjudication, and shortly after the judgment was obtained, the bankrupt was examined in supplementary proceedings, and the bankrupt executed a stipulation in person respecting the said examination. The name of the judgment-creditor was set forth in full on the subpoena in supplementary proceedings, and also on the summons and complaint served upon the bankrupt when the action was commenced.

The Referee in bankruptcy states that notices of the bankruptcy were sent to such listed creditors.

In October, 1939, the assignee of the judgment made an application to issue execution against the beneficial interest of a trust fund, in the New York Supreme Court, Central Illinois Co. v. Cleveland, —— Misc. ——, 17 N.Y.S.2d 57. That Court, following the case of In re Osofsky, D.C., 50 F.2d 241, granted the application, saying: "In the instant case the defendant was served in the action in which judgment was later obtained, and when he was served in supplementary proceedings he was put on notice that the judgment was obtained by a person other than the one which he subsequently named as his creditor in his bankruptcy schedules. Proper and diligent inquiry would have disclosed the holder of the indebtedness. Here the listing was defective in several respects. The name of the creditor was erroneously given and no address was stated. The plaintiff's claim herein was not barred by the discharge in bankruptcy and this motion is accordingly granted."

The bankrupt claims that the debt was duly scheduled and was therefore discharged, and further that the claimant entitled to notice had timely notice and ac-

tual knowledge of the proceedings and so the debt was discharged regardless of whether it was duly scheduled.

There is nothing in the record of this proceeding to support either of the above contentions. The bankrupt, himself, had actual knowledge that the Central Trust Company of Chicago, Ill., was not the plaintiff and subsequent judgment-creditor, but that the Central Republic Bank & Trust Company was the party plaintiff in the original proceeding. The name of this plaintiff was properly endorsed on the summons and complaint of the action, as well as on the subpoena in supplementary proceedings and the stipulation regarding these supplementary proceedings. Further, there is nothing to show that the judgment-creditor or the assignee had received timely notice, or had actual knowledge except the fact that the referee had mailed notices to the "Central Trust Company of Chicago, Ill., in Liquidation."; the erroneously listed judgment-creditor. There are no facts to show that the real judgment-creditor had received this notice, although the bankrupt tries to infer this receipt from the fact that notices were sent to a different company and never returned.

I am satisfied that the decision of the state court was correct in holding that this debt was not discharged in bankruptcy.

Accordingly this Court cannot find the special circumstances necessary to grant the stay, and thus, in effect reverse the decision of the state court. In re Devereaux, 2 Cir., 76 F.2d 522, certiorari denied Devereaux v. Belsey, 296 U.S. 589, 56 S.Ct. 100, 80 L.Ed. 416; In re Marshall, D.C., 24 F.Supp. 1012.

The application of the bankrupt is denied. Settle order on notice.