No. 14,364.

PERSONAL FINANCE COMPANY OF COLORADO *v.* BAKER.
(94 P. [2d] 460)

Decided September 11, 1939. Rehearing denied October 2, 1939.

1

Messrs. GRANT, SHAFROTH & TOLL, for plaintiff in error.

No appearance for defendant in error.

Mr. J. GLENN DONALDSON, Assistant Attorney General, amicus curiae.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS action was instituted by plaintiff in error, licensee under the so-called small loan act (Session Laws 1935, chapter 157), seeking to enforce payment of one of its notes given by defendant in error. Defense was that the note, upon which the complaint was based, called for more than was collectible under the law,. and hence was unenforceable. The trial court sustained the defense and dismissed the action. A review of its findings and judgment is sought by writ of error.

A member of the attorney general's staff, because of

the interest of the state bank commissioner, administrator of the law, was permitted to participate in the proceedings below, and he appears here as amicus curiae.

The note involved is in words and figures as follows:

"Note

"No. 1692

"$150.00 Denver, Colorado, August 26th, 1937

"For value received, on or before February 26, 1938, the undersigned jointly and severally promise to pay to the order of Personal Finance Company of Colorado, at its office, in Room 225 Second Floor University Building, 910-16th Street, Cor. 16th and Champa Streets, Denver, Colorado, the sum of One Hundred Fifty & 00/100 Dollars, the amount actually loaned to the undersigned, in 5 successive monthly instalments of $10.00 each, with interest at the rate of 10 per centum per annum on the unpaid principal balances the first of which instalments shall be payable on the 26th day of September, 1937, together with a 6th instalment, covering any unpaid balance, including interest as aforesaid, which instalment is due and owing on the due date herein above mentioned. From any payment made hereon, interest at said rate due on the unpaid principal balance shall first be deducted and the remainder of any such payment shall be applied on the unpaid principal of this obligation until paid. After the due date of this note, the unpaid principal shall bear interest at said rate.

"A default in the payment of any instalment of the principal, interest or service fee hereunder, or of any part of the foregoing, shall, at the option of the holder hereof and without notice or demand, render the entire unpaid balance of the principal, accrued interest thereon and accrued service fee at once due and payable.

"Extension of the time of payment of all or any part

of the amount owing hereon at any time or times, shall not affect the liability of any party hereto, or surety, guarantor or endorser hereof. Sureties, guarantors, endorsers and parties severally waive demand and presentment for payment, notice of non-payment, notice of protest and protest of this note, and further waive all rights of exemption under the laws of this or any other state.

"In consideration whereof, the undersigned do hereby authorize any attorney of any Justice Court or Court of Record, in term time or vacation, to enter the appearance therein of us or either of us, at any time after the date hereof, to waive all process and to confess judgment or judgments in favor of the legal holder hereof, against any one of us or jointly with any other signer or signers hereof, for amounts then owing, and consent to immediate issue of execution on the judgment so confessed, and waive all errors in the rendition thereof, and agree that no appeal shall be prosecuted on such judgment, nor any bill in equity exhibited to interfere in any manner with the operation thereof.

"The payee named herein is licensed to make loans under the provisions of Sections 1 to 20, inclusive, Chapter 157 of the Colorado Session Laws of 1935.

"The undersigned acknowledge receipt of a statement in English as required by Section 11 of Chapter 157 of the Colorado Session Laws of 1935.
"Witnesses:

"Helen M. Gaylord

"S. C. Patterson Vincent W. Baker"

Accompanying the note was a loan statement, a copy of which was given the defendant and accepted by him. It is as follows:

"Loan statement
"Name of Borrower Vincent Wesley Baker
"Address 360 South Grant St.
 Date August 26, 1937
"Nature of Security Auto
 "Interest Rate per annum 10
 "Amount of Cash Advanced $125.00
 "Auto Protection 10.00
 "Service Fee Permitted by Statute 15.00
 "2% Tax Imposed under Pub. Rev. Serv. Tax Act of
 1937 30c
 "Filing Fee .50
 "Amount Actually Loaned (Amount of Note) $150.00
 "Number of principal instalments 5; due on 26th day
 of each month in the amount of $10.00 and a final
 settlement of balance due on February 26, 1938
 "In case of default of any payment of principal or
 interest as evidenced by a note dated August 26,
 1937 the entire unpaid balance shall be due and
 payable with interest.
 "I (or we) certify the above statement of loan to be
correct and acknowledge receipt of a copy of the orig-
inal of this statement.
 "Vincent W. Baker"

 The concluding paragraph of the complaint and prayer
for judgment read as follows:
 "That defendant has failed and refused to pay to plain-
tiff the first instalment of Ten Dollars ($10.00) of said
note, due on September 26th, 1937, with interest thereon
as in said note provided, although plaintiff has made
demand for payment thereof, and defendant further
states that he will refuse to pay any further instalment
of said note, unless and until plaintiff waives the right
to collect interest on the face of said note, and agrees to
collect interest on the sum of One Hundred and Thirty-
five Dollars ($135.00) only. As a result the total amount
of said note, to-wit, the sum of One Hundred and Fifty

Dollars ($150.00), together with interest on said amount at the rate of ten per cent (10%) per annum, is unpaid, due and owing to plaintiff.

"Wherefore plaintiff prays judgment against defendant in the sum of One Hundred and Fifty Dollars ($150.00) together with interest thereon at the rate of ten per cent (10%) per annum from August 26th, 1937, and costs of suit."

Defendant, by his answer (paragraph VII), "Admits the allegations of Paragraph VI of said complaint except that he denies that plaintiff is entitled to interest on the sum of One Hundred and Fifty Dollars ($150.00), and alleges in this behalf that plaintiff is entitled to interest only on the sum of One Hundred and Thirty-five Dollars ($135.00), which is the amount of the loan, the sum of Fifteen Dollars ($15.00) constituting the so-called service fee not being entitled to draw interest."

Plaintiff admits, and the loan statement shows, that on August 26, 1937, "the company retained $25 of the proceeds of this loan; $15 as a service fee to reimburse itself for expenses, and services rendered and to be rendered in connection with the loan, and $10 to cover insurance of its interest in an automobile owned by Baker who gave a chattel mortgage as security."

A large part of the brief of amicus curiae is devoted to an attempt to show that the service charge here involved is a fiction; that in reality it is a camouflaged form of interest, and being such, to charge interest thereon is to compound interest in violation of the act, thus rendering such note void. As supporting this contention he relies on the decision in the case of *Commonwealth v. Young*, 248 Pa. St. 458, 94 Atl. 141. We deem it unnecessary to consider this phase of the problem, because the stipulation on file herein does not challenge the propriety of the fifteen dollar service fee, as such; and for the further reason that the statute specifically permits the imposition of a service fee. The pertinent section reads as follows:

"Section 10. Every person, co-partnership and corporation licensed hereunder may loan any sum of money not exceeding in amount the sum of Three Hundred Dollars ($300.00) in any single transaction and may charge, contract for and receive thereon interest at the rate of ten (10) per centum per annum, and a service fee of not more than one-tenth (1/10) of the amount actually loaned. Upon loans secured by automobiles, trucks, or other similar movable property, a charge in addition to the foregoing, of not more than Five Dollars ($5.00) for each One Hundred Dollars ($100.00) amount of the loan or any fraction thereof, as an annual premium may be made to cover single interest damage, confiscation, conversion and embezzlement protection, to be retained by the licensee, or paid out by the licensee to any insurance company or insurance agent, duly authorized and licensed to do business in the state of Colorado, as the licensee may elect. The service fee hereinbefore referred to, shall not be imposed upon the same borrower for any new or additional loan or for any extension or renewal of the original loan or any renewal thereof more than two times in any calendar year. * * *

"A licensee shall not be entitled to receive any service fee or charge whatsoever unless a loan is actually made. Interest shall not be payable in advance, nor compounded and shall be computed upon unpaid balances. Except as herein provided, no further or other charge or amount whatsoever, for any examination, service, brokerage or commission, shall be directly or indirectly charged, contracted for or received, except the lawful fees, if any, actually and necessarily paid out by the licensee to any public officer, for filing or recording in any public office, any instrument securing the loan. If interest or charges in excess of those permitted by this Act shall be charged, contracted, or received, the licensee shall have no right to collect or receive any interest or principal or charges

whatsoever upon the amount loaned." ('35 C.S.A., c. 88, § 15.)

 As the trial court pointed out, the crucial point in the case is a determination of "the actual amount loaned" on which a service charge might properly be imposed. In this connection we concluded that we must give to the statute the construction placed upon it by the trial court and as contended by amicus curiae, that it is the amount of money given to the borrower and available to him for use outside of the expense of obtaining the loan, in this case $125.00, upon which the service charge may legally be based. We must assume that the fifteen dollar service fee is in fact what it purports to be, namely, the proportionate share of this loan to the loaning expenses of the company, and since it was deducted from the principal before defendant obtained any money, the burden of interest on this item is discharged.

As already indicated the amount of the cost of service is not challenged here, and according to plaintiff's Exhibit O, the "estimated loan office functional expenses of making and carrying loans based on operating expenses of loan offices—in which category plaintiff falls— under supervision of beneficial management" for the year 1936 was $19.92 per loan, and the average cost for the seven years preceding was $20.74. For the purposes of this opinion we assume these figures to be correct. The note here involved provides for, and the statute allows, a second imposition of the service fee during any calendar year, so under no stretch of the imagination could it be consistently urged that the plaintiff would not at all times be more than reimbursed by the service fee, and that is all the statute was intended to make available to any lending company. No other meaning can logically be given to the words "no further or other charge or amount whatsoever, for any * * * service * * * shall be directly or indirectly charged"; conse-

quently the interest charge on the service fee here is not allowable.

■ Viewing the problem from another angle, it may be stated that the purpose of the small loan act is to render credit service to the borrower by furnishing him with money to meet his obligations, and the service fee should attach only to the thing serviced, that is, the amount of money, or cash in hand, available to the borrower, in the instant case, $125. It is the company's business to service and make available to a borrower a specified sum at its expense, for which it is reimbursed by the service fee. An analysis of Exhibit O supra, discloses no interest charge as part of the expense of making a loan. Plaintiff admits in his analysis record, Exhibit L, that the expenses have been allocated to cost of investigation, cost of closing the loan, cost of carrying and collection, and bad debts. In further "knocking down" the carrying charges, plaintiff's own analysis is "the cost of bookkeeping loans with the privilege of instalment payments for the borrower and investigating defaults." It therefore is obvious that an attempt to charge interest on these "knocked down" items, if permitted, would result in an additional charge.

The company urges, and with some reason, that if it had to pay the fifteen dollars to a third person, there would be no question as to its right to charge interest on that amount. We do not feel it necessary to pass on that question here. It may be granted that some courts have held that whether the company furnishes the services itself or buys them elsewhere, makes no difference, and perhaps it should not, but in view of the plain language of our statute we must, and do, make the distinction between the two situations.

Plaintiff while stating that "the fifteen dollars in fact failed to compensate the company in full by 39 per cent of the estimated pro rata cost of making the loan," does not take into consideration its right to impose the service charge again within the same calendar year in the

event of a renewal; therefore, even assuming the cost of making and carrying this loan to be $24.55 — which figure seems inconsistent with Exhibit O — a service fee of $12.50 twice a year would still cover it.

■ We believe that the restrictive language used in the last sentence in the first paragraph of section 10, supra, namely, that "The foregoing charge shall not be deductible in advance, but shall be added to the amount of the loan," applies only to loans of $50 or less. It would seem that the service fee is deductible when a loan of over $50 is made. This construction is fortified by the first sentence in the second paragraph, which provides invertedly that the licensee shall be entitled to receive a service fee if the loan is actually made, and since he is not permitted to charge interest on it, consistency would seem to require that the lender could deduct it from the loan.

■ Our conclusion, therefore, is that to the extent that the trial court held that the insurance and service fees could not be deducted in advance, it was in error, but as to its holding them not to be interest, and that interest could be charged only on the $135, and the service fee imposed on $125, it was correct. In any event, the judgment dismissing the action was correct and is affirmed.

Mr. Justice Francis E. Bouck and Mr. Justice Otto Bock not participating.

Mr. Justice Young dissents.