## FISHMAN v. DAVIS.

## In re INTERNATIONAL DRUG SALES CU.

### No. 1988.

Circuit Court of Appeals, Tenth Circuit.

May 28, 1940.

[2] 278 U.S. 509, 514, 49 S.Ct. 220, 222, 73 L.Ed. 480.

David Rosner, of Denver, Colo., for appellant.

Leo J. Crowley, of Denver, Colo., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

International Drug Sales Company, a corporation, engaged in business in Denver, Colorado, was adjudged a bankrupt. Jeannette Felsen Fishman, herein called claimant, filed her verified claim in the sum of $3,841.88, based upon a promissory note of the bankrupt secured by a chattel mortgage covering various fixtures and equipment.

The trustee objected to the claim on four grounds:

1. That the giving of the chattel mortgage was in violation of Section 28, Chapter 89 of the Colorado Statutes of 1935, Annotated, which prohibits the loaning of money between wholesalers or distillers of liquors and retail dealers of liquors; that Ben Fishman was a retail dealer; and that the loan was made in violation of that statute;

2. That the chattel mortgage was void and the acknowledgment to the mortgage was not made in conformity with the statute;

3. That it is not a chattel mortgage within the meaning of the Chattel Mortgage Statute of the State of Colorado;

4. That the bankrupt was, at the time the mortgage was executed, a manufacturing corporation and the mortgage was executed without previous authorization of the stockholders of the corporation.

The referee overruled the objections and allowed the claim. On petition for review, the trial court reversed the referee and disallowed the claim. Although Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requires that in all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon, no findings of fact or conclusions of law were made by the trial court. Claim-

ant has appealed from the judgment of the trial court.

The International Drug Sales Company, a Colorado corporation, herein called the Bankrupt, held a wholesaler and manufacturers liquor license. A part of its business was that of rectifying distilled spirits. Ben Fishman, the husband of claimant, was operating a restaurant. In connection with the restaurant, he conducted a retail liquor business for which he held a retail liquor license. He had transacted business with the Bankrupt for a considerable length of time and had purchased liquors from it for retail sale. The Bankrupt having become financially embarrassed, discussions and conversations proceeded between it and Ben Fishman, and an agreement was effected by which Ben Fishman was to take over wholly or in part the rectifying end of bankrupt's business. As the consideration for the transfer of this part of the business to Fishman, it was agreed that he should advance the Bankrupt money to the extent of $5,000. At different times in November, 1938, Fishman advanced moneys to the bankrupt, totaling $3,692.88. Fishman then ascertained that the financial affairs of the Bankrupt were in a precarious condition and refused to advance any further sums, demanding security for the money advanced. On November 7, 1938, a note was executed for $5,000 and was secured by a mortgage of even date on certain personal property belonging to the bankrupt. The note and mortgage were executed in favor of the claimant. All the dealings resulting in the execution of the note and mortgage were conducted between Ben Fishman and the president of the Bankrupt. Claimant did not appear in the negotiations, and the bankrupt did not know that she had or claimed to have any interest in the transaction until the mortgage was executed and Fishman requested that it be made to claimant.

Claimant and Ben Fishman were married in the early part of 1936. Prior to her marriage, she had been a school teacher for a number of years and had accumulated a certain amount of money which she had at the time of her marriage to Fishman. Shortly after their marriage in 1936, Fishman asked claimant to loan him money to buy liquor certificates. She loaned him the money and he agreed to repay it. The market went down and he could not sell the liquor certificates, and therefore was unable to repay the money.

It is urged: First, that the chattel mortgage is valid and not in violation of Section 28, Chapter 89 of the 1935 Colo.Stat.Ann.; Second, that the chattel mortgage was acknowledged in conformity with the statutes of the state of Colorado and is a valid chattel mortgage; Third, that the chattel mortgage is within the chattel mortgage statutes of the state of Colorado; and, Fourth, that the chattel mortgage is valid even though executed by a manufacturing corporation without previous authorization of the stockholders of the corporation.

Section 28 of Ch. 89 of the 1935 Colorado Statutes, Annotated, provides:

"§ 28. Unlawful financial assistance and interests.—It shall be unlawful for any manufacturer, wholesaler and/or any person or persons, partnership, association, organization or corporation interested financially in or with any of the above described licensees, to be interested financially, directly or indirectly, in the business of any retail licensee licensed under the provisions of this article, or for any retail licensee hereunder to be interested financially, directly or indirectly, in the business of any manufacturer, wholesaler, or any person or persons, partnership, association, organization, or corporation interested in or with any of the said manufacturers or wholesalers licensed hereunder. * * *

"Any transaction, agreement, or arrangement prohibited by the provisions of this section, if made and entered into by and between the persons and parties described and referred to in this section, shall be unlawful, illegal, invalid and void, and any obligation or liability arising out of such transaction, agreement, or arrangement shall be unenforceable in any court of this state by or against any such persons and parties entering into such transaction, agreement or arrangement."

This statute makes it unlawful for any manufacturer, wholesaler or any person or persons, partnership, association, organization or corporation interested financially with the manufacturer or wholesaler of liquor to be interested, directly or indirectly, in the business of any retail liquor licensee, licensed under the provisions of this act, or for any retail licensee to be interested financially, directly or indirectly, in the business of any manufacturer or wholesaler. The statute interdicts any transaction, agreement or arrangement prohibited by this section and provides that any obligation or liability arising out of any such transaction, agreement or arrangement shall be unenforceable in any court by or against any such persons and parties entering into such transaction.

Ben Fishman, who held a retail liquor license, could not acquire an interest in the business of the bankrupt, and a transaction whereby he attempts to acquire such an interest is void under the statute and any claim or obligation arising therefrom is unenforceable. He could not advance this money to the bankrupt for an interest in its business and obtain a claim which was enforceable in the bankruptcy court against the estate. But it is asserted that the transaction was a loan to the bankrupt of the claimant's money; that it was not Fishman's transaction; that in making this loan he was acting as the agent of claimant, his wife, and was loaning her money for her and that he had no interest in the transaction. Clearly the money involved in the transaction originally belonged to claimant. She earned it teaching school prior to her marriage to Fishman, but by her own testimony it appears she loaned the money to her husband shortly after their marriage in 1936, to be used by him for his own purpose and upon his agreement that he would repay it. He invested it in liquor certificates. The price of the liquor certificates declined and he was unable to dispose of them for enough to repay the loan. It is now urged that, being unable to repay the loan, he transferred title and possession of the certificates to her. It is asserted that the liquor certificates were kept in a joint box of claimant and her husband, to which both of them had possession. There is no clear showing that title and possession of these certificates were unconditionally transferred to claimant. No time is fixed when ownership and possession were transferred to her. Fishman continued to handle these certificates. He converted them into cash and paid the money to the bankrupt, not as a loan but for an interest in bankrupt's business. The proof is insufficient to show a transfer of title and delivery of possession of the liquor certificates to claimant. The conclusion is inescapable that while the money originally was earned by claimant and was her money, yet she loaned it to Fishman in 1936 upon his promise to repay it. He did not repay it and the holding must be that it was Fishman's money that went into this transaction.

The note and mortgage fall squarely within the provisions of the statute. It is a forbidden transaction and the claim cannot be maintained. The conclusion reached on the first assignment of error makes unnecessary a consideration of the remaining assignments of error.

The decision of the trial court is affirmed.