## In re BEEBE.

## BEEBE v. O'REILLY.

### No. 7672.

Circuit Court of Appeals, Seventh Circuit.

Dec. 18, 1941.

Rehearing Denied Jan. 5, 1942.

Alexander Wolf, of Chicago, Ill., for appellant.

Daniel L. Madden, of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order, entered March 21, 1941, dismissing a petition by appellant (petitioner) for an order restraining and enjoining appellee (respondent) from proceeding with the prosecution and enforcement of a judgment obtained by respondent in the Superior Court of Cook County.

The court below, in a memorandum opinion, made what appears to be a fair statement of the facts, as follows:

"The petitioner filed her voluntary petition in bankruptcy including therewith a list of creditors which included the name of respondent O'Reilly. On February 4, 1930 petitioner was adjudicated a bankrupt and on June 9, 1930 an order of discharge in bankruptcy was entitled 'O'Reilly v. Beebe' (the petitioner) was then pending in the Superior Court of Cook County. In the bankruptcy proceeding petitioner filed a petition for an order restraining respondent O'Reilly from prosecuting such suit. The petition and answer thereto was referred to a Referee. In the course of the hearing before the Referee, the Referee recommended that a plea of puis darrein continuance be filed in the Superior Court. The recommendation of the Referee was followed and the petitioner filed in the Superior Court a plea of discharge in bankruptcy on February 2, 1931. Thereafter and on December 20, 1931 the Superior Court entered its judgment against the petitioner from which no appeal was taken. On June 6, 1936 the petitioner filed in the Superior Court a motion to vacate and set aside the judgment, which motion was denied and from which no appeal was taken. On January 26, 1940 the O'Reilly judgment was revived by scire facias proceeding.

On April 25, 1940 the motion of petitioner to vacate the judgment revived on January 26, 1940, was denied and no appeal was taken."

It is difficult to ascertain from petitioner's brief just what her position is with reference to the state court judgment. No charge of fraud is made, at least no direct charge. Admittedly, the court had jurisdiction of the parties and the subject matter. Petitioner relates a number of circumstances which are termed as unusual and which apparently are relied upon to give a bankruptcy court authority to grant the relief sought. It is claimed that the attorney for the respondent, at the time the judgment was entered, failed to apprise the Judge of the Superior Court that the plea of discharge in bankruptcy was pending; that respondent's attorneys failed to notify petitioner that a judgment had been obtained, and that they engaged in a program of concealment. It is claimed the judgment was permitted to lie dormant from the time of its rendition until August, 1934, when, for the first time, an execution was ordered, and that the execution was returned "no service" although petitioner was in the jurisdiction of the court. Further, that the first knowledge had by petitioner of the judgment was when, on May 12, 1936, she was served with execution. Assuming these circumstances to be true, we do not see how they affect the validity of the judgment rendered by the state court. It is a novel theory, to say the least, that the attorneys for respondent (plaintiff in the state court) were under any legal obligation to notify petitioner (defendant in the state court) as to when the case was set for trial, or that judgment had been obtained, or that they were not within their legal rights in ordering execution as they did. Certainly the acts complained of could not affect the legality of the judgment. It is also argued that there was no responsive plea filed in the state court by respondent to petitioner's plea setting up her discharge in bankruptcy and that; therefore, the court could not have been advised as to the issues in the suit. No authorities are cited in support of this theory and we do not think it is sound.

Notwithstanding petitioner's contention that the attorneys for the respondent failed to inform the court of petitioner's bankruptcy plea, we think it must be assumed that the court was cognizant of such plea.

The court had before it respondent's complaint stating the cause of action, and petitioner's plea that such action could not be maintained by reason of her discharge in bankruptcy. The fact that judgment was entered from which no appeal was taken is conclusive on the issue thus presented. As was said by the court below:

"* * * The State Court had jurisdiction to act upon the plea and did act. This Court is now asked in substance and effect to review the adjudication of the State Court. This it cannot do. Stoll v. Gottlieb, 305 U.S. 165 [59 S.Ct. 134, 83 L.Ed. 104]."

The order appealed from is affirmed.