**PERSONAL FINANCE CO. OF COLORADO v. DAY.**

**No. 2370.**

Circuit Court of Appeals, Tenth Circuit.

Feb. 26, 1942.

Wm. Hedges Robinson, Jr., of Denver, Colo. (Sydney E. Shuteran, of Denver, Colo., on the brief), for appellant.

John W. Shireman, of Denver, Colo., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

On or about October 17, 1939, Helen Jean Day purchased certain household furniture from High Grade Upholstering Company for an agreed price of $327.68. She made a down payment of $40. The seller arranged with the Personal Finance Company of Colorado, hereinafter referred to as the Finance Company, to finance the balance of the account. Mrs. Day and her husband, Chauncey M. Day, executed and delivered to the Finance Company a note for the principal sum of $270, payable in installments of $18.47 per month, and a chattel mortgage on the furniture to secure the note. They also furnished the Finance Company a financial statement. The note carried a service charge of $27. The seller reduced the price of the furniture $20. The Days were charged a filing fee of 50 cents and a service tax of 54 cents and received a check for $1.28 so that the balance due, with these items, aggregated $270.

The note and mortgage were dated October 18, 1939. No payments were made in November or December, 1939. Mrs. Day made a payment in January, 1940.

On January 19, 1940, Day filed a voluntary petition in bankruptcy and was duly adjudged a bankrupt on that date. Thereafter, the Finance Company filed its proof of debt with the referee predicated on the note and mortgage, copies of which were attached to the claim as exhibits.

On March 7, 1940, Mrs. Day made a payment on the note of $18.47. The Finance Company deducted $3.50 as a charge for filing the proof of debt and gave her credit for the balance. On May 8, 1940, the Finance Company filed a petition with the referee to require the bankrupt to amend his schedules. On May 15, 1940, the referee ordered the bankrupt to amend his schedules.

On or about May 31, 1940, Mrs. Day advised the Finance Company that she and her husband were going to move and asked what they should do with the furniture. A representative of the Finance Company called on Mrs. Day and requested her to sign two papers. She refused. On June 1, 1940, Day went to the office of the Finance Company. A representative of the Finance Company represented to Day that the bankruptcy proceedings were illegal, that he had made a false statement in the financial statement, and that they had a great deal against him if they wanted to press it. Day was thereby induced to sign a new promise to pay the note in the principal sum of $270, with interest from May 4, 1940. The representative of the Finance Company advised Day it would not be necessary to amend his schedules.

Day, having failed to amend his schedules, was called upon by the referee to explain such failure. Day told the referee what had occurred at the transaction between him and the Finance Company on June 1. The referee then appointed John W. Shireman, Esq., an attorney of Denver, Colorado, to make an investigation and report the facts. Mr. Shireman conducted a hearing under § 21 of the Bankruptcy Act, 11 U.S.C.A. § 44. The bankrupt, Mrs. Day, and representatives of the Finance Company were examined. Mr. Shireman made a report to the referee, setting out the facts above stated. Thereupon, the referee made an order directing the Finance Company to show cause why the note and mortgage should not be canceled. The evidence at the hearing on the order to show cause established the facts as above stated and they were so found by the referee. The referee entered an order canceling the note and mortgage but required the bankrupt either to pay the Finance Company the sum of $183.06 within sixty days or surrender the furniture to the Finance Company. On the petition to review the trial court found that the exaction on March 7, 1940, of $3.50 for filing the proof of debt rendered the note and mortgage nonenforceable under '35 C.S.A. ch. 88, § 15, and that the new promise was obtained by coercion and duress, and entered an order disallowing the claim.

■■ The referee clearly had jurisdiction to investigate the transaction between Day and the Finance Company on June 1, 1940, in so far as it related to the failure of the bankrupt to amend his schedules. The referee also had jurisdiction to inquire into the validity of the claim asserted by the Finance Company against the bankrupt's estate and to disallow it if he ascertained it to be without lawful existence. Pepper v. Litton, 308 U.S. 295, 305, 60 S. Ct. 238, 84 L.Ed. 281; Lesser v. Gray, 236 U.S. 70, 74, 35 S.Ct. 227, 59 L.Ed. 471.

■■ One of the primary purposes of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., is to relieve the honest debtor from the pressure and discouragement of pre-existing debt and to give him a new opportunity in life and a clear field for future effort. This purpose is one of public, as well as private, interest. A bankruptcy court has jurisdiction of an ancillary bill in aid of and to effectuate its order of adjudication and its order of discharge. Local Loan Co. v. Hunt, 292 U.S. 234, 239, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195; Seaboard Small Loan Corp. v. Ottinger, 4 Cir., 50 F.2d 856, 77 A.L.R. 956.

Here, however, the proceedings in so far as they related to the alleged new promise were instituted by the show cause order of the referee and not by an ancillary bill. While the trial court confirmed the finding of the referee that the new promise was obtained through intimidation and coercion, his order did not undertake to set aside the new promise, but merely disallowed the claim.

■ The loan is governed by Art. 2, ch. 88, '35 C.S.A. Section 15 thereof limits the charges that may be made for such a loan and provides that if charges in excess of those permitted shall be charged, contracted, or received, the payee shall have no right to collect or receive any interest or principal or charges whatsoever upon the amount loaned. The charge of $3.50 for filing the proof of debt was in excess of those permitted by § 15, supra, and rendered the note and mortgage unenforceable. See Personal Finance Co. of Colorado v. Baker, 105 Colo. 1, 94 P.2d 460; Fishman v. Davis, 10 Cir., 112 F.2d 432.

The order disallowing the claim is affirmed without prejudice to the right of the bankrupt to prosecute an ancillary bill to set aside the new promise.