## BENEFICIAL LOAN CO. v. NOBLE.
### No. 2485.

Circuit Court of Appeals, Tenth Circuit.

June 30, 1942.

426

Wm. Hedges Robinson, Jr., of Denver, Colo. (Sydney E. Shuteran and Mark H. Harrington, both of Denver, Colo., on the brief), for appellant.

Thomas K. Hudson and John W. Shireman, both of Denver, Colo., for appellee.

Before PHILLIPS and MURRAH, Circuit Judges, and SAVAGE, District Judge.

PHILLIPS, Circuit Judge.

Ralph R. Noble, prior to July 3, 1940, obtained a loan from the Beneficial Loan Company.[1] At the time he secured the loan, Noble gave the Loan Company a writing designated as a financial statement in which he set forth all his obligations, except a $2 balance on a coal bill about which there was some controversy. On July 3, 1940, having arranged with the Loan Company by telephone for an additional loan, he executed to the Loan Company his note for $100 which covered the balance due on the old loan and the amount of the new loan. When he went to the office of the Loan Company to execute the documents for the new loan an additional financial statement was requested. He requested the representative of the Loan Company to let him see the financial statement given at the time the first loan was secured. The representative of the Loan Company told him that the statement was not important, and directed him to list any new debts. The only new debt Noble could recall was an $11 balance owing to a physician, which he listed on the new statement.

On March 5, 1941, Noble filed a voluntary petition in bankruptcy. At. the first meeting of the creditors held on May 7, 1941, W. H. Robinson, Jr., appeared as counsel for the Loan Company and examined Noble. Noble's testimony disclosed debts of Noble existing at the time the second financial statement was given which were not set forth on that statement. After the examination was completed, Robinson said to Noble: "You better come up and see me and straighten this thing out before it costs a whole lot of time and money." Noble replied that he was depending on the bankruptcy court to protect him.

The Loan Company filed a claim with the referee based on the $100 note and set forth in the claim that the loan was obtained by the bankrupt through materially false statements made at the time the loan was consummated which were relied on by the Loan Company. The claim was allowed as a general claim on May 23, 1941.

On June 25, 1941, the Loan Company commenced an action against Noble in the District Court for the City and County of Denver, State of Colorado, in which it sought damages for fraud growing out of representations alleged to have been made by Noble when he obtained the second loan. Noble had gone to the Legal Aid Society to obtain assistance in the bankruptcy proceeding, and had been referred to Mrs. Boyer, a stenographer for the Legal Aid Society. He understood that she was an attorney. Noble consulted Mrs. Boyer respecting the state court action and she advised him to disregard it because of the bankruptcy proceeding. Default judgment was obtained against Noble

---

[1] Hereinafter called the Loan Company.

in the state court on July 18, 1941, for $100. Thereafter, a garnishment proceeding was instituted against Noble. He then went to the referee. On August 27, 1941, the referee entered an order restraining the Loan Company from prosecuting the garnishment proceeding and directing it to show cause why it should not discharge the garnishment. In response to the order to show cause, the Loan Company set up the state court proceedings and the judgment obtained therein and challenged the jurisdiction of the bankruptcy court to restrain the garnishment proceedings. On the hearing of the order to show cause, the referee found that no fraud was practiced on the Loan Company when the second loan was obtained; that the Loan Company did not rely upon the financial statement given when the second loan was made; that the debt was dischargeable in bankruptcy; and permanently enjoined the Loan Company from enforcing or attempting to enforce the state court judgment. On petition to review, the trial judge affirmed the order of the referee. The Loan Company has appealed.

■ A bankruptcy court has jurisdiction of an ancillary bill in aid of and to effectuate its order of adjudication and its order of discharge.[2] It may enjoin the prosecution of an action in the state court where facts are averred and established showing that such relief is necessary to effectuate its orders of adjudication and discharge.[3] In so far as our decision in Personal Finance Co. of Colorado v. Martinez, 10 Cir., 115 F.2d 226, conflicts with the foregoing, it is hereby overruled. It does not follow, however, where the state court proceeding has gone to judgment, that it may review the matters heard and determined by the state court, reach a contrary conclusion from that reached by the state court, and enjoin the enforcement of the state court judgment.

■ Among the granted powers of a bankruptcy court are the allowance and disallowance of claims, the collection and distribution of the estates of bankrupts and the determination of controversies in relation thereto, the rejection in whole or in part "according to the equities of the case" of claims previously allowed, and the entering of such judgments "as may be necessary for the enforcement of the provisions" of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. In respect to such matters, the jurisdiction of the bankruptcy court is exclusive of all other courts.[4]

■ Notwithstanding a claim has been reduced to judgment, a bankruptcy court, in determining whether the claim shall be allowed and the relative priority of the claim as it affects other creditors of the bankrupt, may inquire into matters not in issue and not decided in the proceeding in which the judgment was rendered and may disallow or subordinate the claim.[5]

■ Here, however, the bankruptcy court did not undertake to exercise its jurisdiction with respect to the allowance, rejection, or subordination of a claim, but undertook to inquire into the merits of the cause of action for fraud upon which the state court judgment was predicated and to enjoin the enforcement of that judgment on the ground that the claim of fraud was without legal validity. That is to say, it undertook to relitigate the matters which had been heard and determined by the state court. This, we think, it was precluded from doing under the doctrine of res judicata.[6]

■ A United States court, if the elements of federal and equity jurisdiction are present, may enjoin a judgment creditor from enjoying the benefits of a judgment obtained in a state court through extrinsic or collateral fraud. Such an injunction operates upon the judgment creditor, not the judgment or decree of the state court. Hence, the bankruptcy court here, in order to effectuate its decree of adjudication and order of discharge, may entertain a proper ancillary bill to enjoin the enforcement of the state court

[2] Personal Finance Co. v. Day, 10 Cir., 126 F.2d 281, 282; Local Loan Co. v. Hunt, 292 U.S. 234, 239, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195; Seaboard Small Loan Corp. v. Ottinger, 4 Cir., 50 F.2d 856, 859, 77 A.L.R. 956.

[3] Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195.

[4] Pepper v. Litton, 308 U.S. 295, 304, 60 S.Ct. 238, 244, 84 L.Ed. 281; United States Fidelity & Guaranty Co. v. Bray, 225 U.S. 205, 217, 32 S.Ct. 620, 56 L.Ed. 1055.

[5] Pepper v. Litton, 308 U.S. 295, 302–311, 60 S.Ct. 238, 84 L.Ed. 281.

[6] Beebe v. O'Reilly, 7 Cir., 124 F.2d 750; In re Devereaux, 2 Cir., 76 F.2d 522.

**428**

judgment on the ground of extrinsic or collateral fraud, if facts constituting such fraud are properly averred and established.[7]

The order of the referee, affirmed by the district court, is reversed without prejudice to the prosecution of a proper ancillary bill to enjoin the Loan Company from enforcing the state court judgment.

[7] United States v. Throckmorton, 98 U.S. 61, 65, 68, 25 L.Ed. 93; United States v. Mashunkashey, 10 Cir., 72 F.2d 847, 851; certiorari denied 294 U.S. 724, 55 S.Ct. 551, 79 L.Ed. 1255; Chicago, R. I. & P. Ry. Co. v. Callicotte, 8 Cir., 267 F. 799, 810; Arrowsmith v. Gleason, 129 U.S. 86, 100, 101, 9 S.Ct. 237, 32 L.Ed. 630; Johnson v. Waters, 111 U.S. 640, 667, 4 S.Ct. 619, 28 L.Ed. 547; Marshall v. Holmes, 141 U.S. 589, 598, 600, 12 S.Ct. 62, 35 L.Ed. 870; McDaniel v. Traylor, 196 U.S. 415, 422–425, 25 S.Ct. 369, 49 L.Ed. 533; Simon v. Southern Ry. Co., 236 U.S. 115, 126, 127, 35 S.Ct. 255, 59 L.Ed. 492; Wells Fargo & Co. v. Taylor, 254 U.S. 175, 183, 185, 186, 41 S.Ct. 93, 65 L.Ed. 205; Hilton v. Guyot, 159 U.S. 113, 207, 16 S.Ct. 139, 40 L.Ed. 95.