## In re DEVEREAUX.

### DEVEREAUX v. BELSEY.

#### No. 331.

Circuit Court of Appeals, Second Circuit.
Argued March 22, 1935.

Decided April 1, 1935.

Edward Friedman, of New York City, for appellant.

Joseph G. M. Browne, of Brooklyn, N. Y., for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The appellant, Belsey, brought suit in the Supreme Court of New York County against the appellee, Devereaux, upon two causes of action, one for false imprisonment alleged to be malicious, the other for malicious prosecution. Upon the former he obtained a verdict of $500, and upon the latter a verdict of 6 cents. Judgment was

entered against Devereaux for $500.06. Shortly thereafter the judgment debtor filed a voluntary petition in bankruptcy, duly scheduling Belsey's claim as a judgment creditor. In due course the bankrupt was granted a discharge. Thereafter, pursuant to section 150 of the Debtor and Creditor Law (Consol. Laws N. Y. c. 12), he applied to the state court for an order canceling and discharging of record the judgment to the extent of $500—the damages awarded for false imprisonment. This application was denied by the state court after a hearing in which it inquired into the facts upon which the judgment was predicated, and determined that the arrest and imprisonment of Belsey constituted a "willful and malicious" injury to the person within the meaning of section 17 of the Bankruptcy Act (11 USCA § 35), and consequently the judgment was not affected by the debtor's discharge in bankruptcy. 150 Misc. 337, 269 N. Y. S. 127. From this decision Devereaux appealed to the Appellate Division of the Supreme Court, which affirmed the order without opinion. 242 App. Div. 603, 271 N. Y. S. 1018. Without attempting to carry his appeal further (which would have required the granting of special leave), the bankrupt then filed in the bankruptcy court a petition which set up the foregoing facts, alleged that the bankruptcy court is not bound by the order of the state court, and prayed for a decree that the discharge in bankruptcy released the bankrupt from the judgment and for an injunction against any attempt to enforce it. The court below heard the matter on supporting and opposing affidavits, determined that the arrest and imprisonment of Belsey was not in fact a willful and malicious act on the part of the bankrupt, and granted the requested relief. From this order Belsey has appealed.

▮ After Local Loan Co. v. Hunt, 292 U. S. 234, 54 S. Ct. 695, 698, 78 L. Ed. 1230, it can no longer be denied that the bankruptcy court has jurisdiction as upon an ancillary bill in equity to determine whether the bankrupt's discharge is a bar to a provable debt. Intimations to the contrary in such cases as In re Havens (C. C. A. 2) 272 F. 975, and Hellman v. Goldstone (C. C. A. 3) 161 F. 913, were expressly disapproved. Nevertheless, the exercise of such jurisdiction is not as of course; as Mr. Justice Sutherland's opinion points out, the bankruptcy court is not bound to exercise its authority and "it probably would

not and should not have done so except under unusual circumstances such as here exist." In our opinion it still remains true that in general the effect of a discharge is to be raised by pleading it as a bar when the creditor attempts to enforce his claim, or using it to procure cancellation of a judgment entered before discharge, if the state statutes permit this procedure. See Remington, Bankruptcy (3d Ed.) § 3489. Section 11 of the Bankruptcy Act (11 USCA § 29) strongly implies that a creditor will not be stayed beyond the date of the bankrupt's discharge. See In re Scheffler (C. C. A.) 68 F.(2d) 902, 904; In re Byrne (C. C. A. 2) 296 F. 98, 101.

▮ In the Hunt Case the bankrupt sought an injunction to restrain the prosecution of a suit brought by his creditor against his employer upon an assignment of future wages. The highest court of the state had already established the rule that a discharge in bankruptcy did not destroy the lien of such an assignment. For the bankrupt to have intervened in the municipal court action would have been futile unless he was prepared to carry the case through the appellate courts of the state and up to the Supreme Court of the United States. In the meantime his future wages, which the Bankruptcy Act (11 USCA) intended to be freed from the claims of creditors holding dischargeable debts, would be tied up by the suit and he would risk the possibility of discharge by his employer. Under these circumstances the remedy in the state courts was thought to be entirely inadequate and to justify the bankruptcy court in exercising its power to determine the effect of the discharge upon the lien of the assignment. No such special circumstances are present in the case at bar. Here the bankrupt voluntarily initiated a proceeding in the state court to have his discharge adjudicated a bar to collection of the judgment; the judgment creditor appeared and contested; and the court found the facts and the law against the bankrupt's claim that the judgment was released. To permit the same issue to be relitigated in the bankruptcy court, while the order of the state court remains unreversed, is contrary to the most elementary principles of res judicata and the comity which exists between federal and state courts. Compare Riehle v. Margolies, 279 U. S. 218, 225, 49 S. Ct. 310, 73 L. Ed. 669. This is not a case where the bankruptcy court has exclusive jurisdiction of the subject-matter of the litigation so that the

state court's action might be disregarded. Concededly the state courts had jurisdiction, and if they failed to apply correctly the provisions of the Bankruptcy Act, could have been set right by a writ to the Supreme Court. Dimock v. Revere Copper Co., 117 U. S. 559, 6 S. Ct. 855, 25 L. Ed. 994; Hill v. Harding, 107 U. S. 631, 2 S. Ct. 404, 27 L. Ed. 493. It is suggested that the situation is of exceptional character because the judgment carries the possibility of arrest and imprisonment of the judgment debtor if he does not pay. If the state court's decision that the judgment is not released by the discharge be right, the procedure for collection permitted by the state law is no concern of the bankruptcy court. If the decision be wrong, it must be corrected in the orderly way by appeal, and even, if necessary, by seeking a writ to the Supreme Court. We cannot extend the principle of Local Loan Co. v. Hunt, supra, to mean that whenever a state court is alleged to have determined erroneously that a creditor's debt is not released by the bankrupt's discharge, the latter may come into the bankruptcy court and have the issue retried. Accordingly the bankrupt's petition should have been dismissed without entering upon the merits of the effect of the discharge.

The order is reversed.