## In re BISCOE.
### No. 65995.

District Court, D. Massachusetts.
June 2, 1942.

Edwin H. Lyman, Jr., of Springfield, Mass. (Ely, King, Kingsbury & Lyman, of Springfield, Mass., of counsel), for petitioner.

WYZANSKI, District Judge.

Watts is a creditor of the bankrupt Biscoe. He claims Biscoe borrowed money by making a false representation of his assets and liabilities. Now, in the course of Biscoe's bankruptcy and with no proceeding pending in any other court involving the same claim, Watts petitions this court to determine that Biscoe is liable to him for obtaining money by false pretences and that the liability is non-dischargeable under Section 17, sub. a(2) of the Bankruptcy Act, U.S.C.A. Title 11, § 35, sub. a(2).

The bankruptcy statutes do not direct the bankruptcy court to determine whether a particular debt is dischargeable. And the official forms in current use do not specify which debts are discharged, but merely provide that the bankrupt is "discharged from all debts and claims which are made provable by said Act against his estate, except such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy". Official Form No. 45, 11 U.S.C.A. following section 53 (the decree).

But although the statutes do not specifically require the bankruptcy court to make the determination, it is clear that the bankruptcy court has the power, at least upon an ancillary bill, to hear and decide whether a particular debt is discharged.

Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195; Holmes v. Rowe, 9 Cir., 97 F.2d 537; In re Devereaux, 2 Cir., 76 F.2d 522.

■■ However, the power of the bankruptcy court to determine during the bankruptcy proceedings whether a particular debt will be discharged has not been customarily exercised either in this district, In re Mussey, D.C.D.Mass., 99 F. 71, or elsewhere, In re Colao, D.C.S.D.N.Y., 10 F.Supp. 406. See Collier on Bankruptcy, 14th Ed., vol. 1, § 17.28 note 2. In recent days only one District Judge sitting in bankruptcy has said he would undertake to determine during the course of the bankruptcy proceeding whether a particular debt was dischargeable, Hisey v. Lewis-Gale Hospital, D.C.W.D.Va., 27 F.Supp 20, 25, and that judge admits his course would differ from what he understands to be the universal practice in other districts.

The usual practice is to leave the claimant if he regards his claim as undischarged to sue upon it in any appropriate forum, and to allow the discharged bankrupt there to plead his discharge. Such defence is one that the state or any other court is bound to consider, and if error is committed in failing to accord to the discharge its due weight, the way is open to the Supreme Court of the United States. In re Devereaux, 2 Cir., 76 F.2d 522, 524.

■ There are good reasons for continuing this practice.

■ The primary purpose of the Bankruptcy Act is equitably, promptly, and economically to collect the bankrupt's assets, convert them into cash and distribute them among creditors and then to permit the bankrupt to start afresh free from obligations and responsibilities consequent upon business misfortune. Williams et al. v. United States Fidelity Co., 236 U. S. 549, 554, 555, 35 S.Ct. 289, 59 L.Ed. 713. If, on the petition of a creditor, the bankruptcy court stops to adjudicate questions like the one at bar, then the completion of a bankruptcy case will be delayed and the proceedings made more burdensome for the estate at the ultimate expense of creditors not directly involved.

Equally important, the proposal that the bankruptcy court should hear the creditor's claim of fraud is an ingenious device for depriving the bankrupt of a jury trial on the issue of whether he committed the fraud. Such a change in the procedural remedy is almost the equivalent of a change in the substantive law. Congress was slow to except from discharges liabilities for obtaining money by false pretences as distinguished from judgments for such liabilities, compare Section 17, sub. a(2) of the Act of July 1, 1898, c. 541, 30 Stat. 550 with Section 5 of the Act of February 5, 1903, c. 487, 32 Stat. 798 and subsequent statutes now compiled in the U.S.C. Title 11, § 35, sub. a(2); and it might well have refused ever to have made the additional exception if it had supposed that referees and judges rather than juries were to be the tribunals for determining the issue of fraud.

■ Finally, it may not be irrelevant to recall the caveat of the Supreme Court of the United States in Local Loan Co. v. Hunt, 292 U.S. 234, 241, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195. That warning may have been primarily directed at the impropriety of a bankruptcy court restraining a creditor from suing the bankrupt after his discharge save in most unusual circumstances. But the opinion also indicates that a bankruptcy court should be reluctant to bring into its forum questions which may be equally well solved elsewhere.

Petition denied.