## WATTS et al. v. ELLITHORPE.

### No. 3827.

Circuit Court of Appeals, First Circuit.

April 27, 1943.

Edmund Burke, of Boston, Mass. (Hale & Dorr, of Boston, Mass., of counsel), for appellants.

No appearance for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

On August 29, 1941, Charles K. Ellithorpe filed a voluntary petition in bankruptcy; was adjudged a bankrupt and the matter was referred to a referee for further proceedings. On November 18, 1941, Charles H. Watts et al., Trustees, doing business as Personal Finance Company of Springfield, Massachusetts, petitioned the referee to examine the facts and circumstances under which the debt of $280 owed by the bankrupt to the Finance Company and listed in his schedules arose and for an order holding the debt not dischargeable.

The following facts are alleged in the petition: The bankrupt on October 1, 1940, executed a promissory note signed by him and his wife in return for a loan from the Finance Company of $280. Before the

2

loan had been granted he made and delivered to the Finance Company a statement in writing showing that on October 1, 1940, his complete financial liabilities totaled $108. The schedules and amendment to the schedules which were signed by him and filed with his petition showed that on the 1st day of October, 1940, he owed sums in excess of $472.25. The financial statement was made by him for the purpose of obtaining money or an extension of credit from the Finance Company and was accepted and relied upon by that company as a true statement of his financial condition in making the loan to him. Had the Finance Company known the true facts it would not have made the loan to the bankrupt. The financial statement was materially false and the bankrupt obtained money or property on credit through false representations.

The referee refused to pass upon the question of the dischargeability of the debt, and the matter then came before the district court. The district court had before it the petition filed with the referee and in addition an affidavit of the Assistant Manager of the Finance Company who made the loan to the bankrupt. The affidavit stated that in the light of the financial statement submitted by the bankrupt, the loan was a good risk but if his true financial condition showing his indebtedness to be $472.25, or larger, had been revealed, then the bankrupt would not have been a good risk and the loan would not have been approved. The district court held that although the referee and the district court are vested with power to determine whether the bankrupt's debt is not dischargeable, the exercise of that power is discretionary. It refused to exercise its discretion on the ground that there were no peculiar facts calling for its exercise and denied the petition.

The appellants appealed from the decree of the district court. They urge that they are entitled as a matter of right to have a hearing before the referee or the district court to determine the question whether or not their particular debt is dischargeable in bankruptcy and, if they are not entitled to such a hearing as a matter of right, then the matter is one of discretion and that the court abused its discretion in failing to grant them such a hearing.

We are of the opinion that the district court properly denied the appellants' petition. We do not believe that

they are entitled as a matter of right to a determination of whether their debt is dischargeable. A number of cases prior to the decision in Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195, took the position that the matter of the discharge of the bankrupt was for the bankruptcy court and the effect of its decree was to be determined when the discharge was pleaded as a defense in bar to an action brought by a creditor upon his claim. In re Havens, 2 Cir., 1921, 272 F. 975; In re Marshall Paper Company, 1 Cir., 1915, 102 F. 872. In Local Loan Co. v. Hunt, supra, the Supreme Court expressed its disapproval of this line of decisions and held that the bankruptcy court had ancillary power for the purpose of protecting its decree and also to determine the effect of its adjudication. The court made it clear, however, that the bankruptcy court was not bound to exercise its authority and that the district court should not do so except under unusual circumstances. That case merely established the proposition that the bankruptcy court has broad equity powers and that under certain circumstances the court in order to protect the bankrupt from pursuing an expensive and inadequate remedy might determine the effect of its decree. See also Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281. In Local Loan Co. v. Hunt, supra, the bankrupt had assigned a portion of his wages as security for a loan, which assignment under Illinois Law had effect even after the discharge in bankruptcy. In that special case, the Supreme Court was of the opinion that the district court properly exercised its authority in enjoining a suit in the state court. We find nothing in that case which established the rule that the district court must as a matter of law determine the dischargeability of a debt in bankruptcy.

We do not believe that the district court abused its discretion in refusing to entertain appellants' petition. The practice of the bankruptcy courts in refusing to determine the effect of a discharge prevailed before the decision of the Supreme Court in Local Loan Co. v. Hunt, supra, and still appears to be the prevailing practice. As was said In re Devereaux, 2 Cir., 1935, 76 F.2d 522, 523:

"After Local Loan Co. v. Hunt, 292 U. S. 234, 54 S.Ct. 695, 698, 78 L.Ed. 1230 [93 A.L.R. 195], it can no longer be denied that the bankruptcy court has jurisdiction

as upon an ancillary bill in equity to determine whether the bankrupt's discharge is a bar to a provable debt. * * * Nevertheless, the exercise of such jurisdiction is not as of course; * * *. In our opinion it still remains true that in general the effect of a discharge is to be raised by pleading it as a bar when the creditor attempts to enforce his claim, or using it to procure cancellation of a judgment entered before discharge, if the state statutes permit this procedure." In re Mussey, D.C.Mass., 99 F. 71. See In re Marshall Paper Company, supra, 102 F. at page 874; Greenfield v. Tuccillo, 2 Cir., 1942, 129 F.2d 854; Collier on Bankruptcy, 14th Ed., Vol. 1, Sec. 1728, Note 2. Contra: Hisey v. Lewis-Gale Hospital, D.C.1939, 27 F.Supp. 20.

Nothing in the Bankruptcy Act or in any of the decided cases compels us to reach a contrary conclusion and there are persuasive reasons why we do not believe that the district court is required as a matter of discretion in a case like the one before us to determine the question of the dischargeability of a debt. The creditor may, if he desires, object to the general discharge of a bankrupt and in the instant case the same ground which may be urged against the dischargeability of appellants' debt is equally pertinent in the determination of whether the bankrupt is entitled to a general discharge.[1] Or the creditor may permit the debtor to receive a general discharge and thereafter bring suit against his debtor on the theory that the debtor's discharge does not wipe out the debt. In any event, the creditor is not left without sufficient remedies, and we do not think that the facts before us present such unusual circumstances as for example were involved in Local Loan Co. v. Hunt, supra. The bankruptcy court is interested primarily in the speedy settlement of the bankrupt's estate, and we do not believe that the bankruptcy court should be required to stop and hear testimony on whether various creditors have debts which are not dischargeable.

Finally, we think there is something in the suggestion of the district court in In re Biscoe, D.C.1942, 45 F.Supp. 422, that if suit is brought in the state court the debtor will be entitled to a trial by jury, whereas no such opportunity is afforded him if this issue is determined by the referee or the district court.

The judgment of the District Court is affirmed.

---

[1] Appellants allege that the bankrupt made a materially false statement in writing. Sec. 14, sub. c (3), 11 U.S.C.A. § 32, sub. c (3), provides:

"The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing * * * a materially false statement in writing respecting his financial condition."

Sec. 17, sub. a (2), 11 U.S.C.A. § 35, sub. a (2), provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations * * *."