## In re BARBER.

### No. 8410.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 10, 1943.

Decided Jan. 31, 1944.

Charles S. Barrett, Jr., of Newark, N. J. (Lum, Fairlie & Wachenfeld, of Newark, N. J., and Jackson R. Collins, of New York City, on the brief), for appellant.

Meyer W. Stein, of Paterson, N. J., for appellee.

Before JONES, GOODRICH, and McLAUGHLIN, Circuit Judges.

JONES, Circuit Judge.

This is an appeal by a creditor of the bankrupt from an order of the District

Court affirming the referee's refusal to adjudicate with respect to the alleged non-dischargeability of the creditor's claim under circumstances hereinafter to be related.

Barber was adjudicated a bankrupt on April 4, 1941, upon his voluntary petition filed the same day. Approximately a year before (May 4, 1940), he had obtained from the Globe Family Finance Company a small loan which was evidenced by his promissory note. At the time of obtaining the loan, Barber gave Globe a statement of his then financial condition upon which Globe claims to have relied in making the loan and which it alleges was false. As later developed, the statement failed to list several debts owing by Barber at that time in addition to those listed in his statement. The bankrupt scheduled Globe as a creditor in the net amount due on the loan at the date of bankruptcy. Shortly after the institution of the bankruptcy proceeding and before an order discharging the bankrupt had been entered or any action looking to the entry of such an order had been taken before the referee, Globe petitioned the referee for an adjudication that its claim against the bankrupt was not dischargeable within the intent of Sec. 17 of the Bankruptcy Act, as amended, 52 Stat. 851, 11 U.S.C.A. § 35.

The bankrupt filed an answer denying the pertinent averments of Globe's petition and praying that the petition be dismissed. Thereafter the referee, without passing on the merits of Globe's allegations of fraud on the part of the bankrupt in procuring the loan or the legal effect of the alleged fraud, dismissed the petition. Upon a certificate of review the District Court affirmed the action of the referee. Globe's petition for leave to file the pending appeal followed.

It is the appellant's contention that, upon a creditor's application (even in advance of an order discharging a bankrupt), a referee in bankruptcy is under a legal duty to determine whether the creditor's claim against the bankrupt is dischargeable. In circumstances not materially distinguishable from those present in the instant case, the Court of Appeals for the First Circuit answered a similar contention adversely to the petitioning creditor. Watts v. Ellithorpe, 135 F.2d 1, 2. The appellant has failed to advance any persuasive reason why we should come to any different conclusion.

The appellant argues that the decision in Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 698, 78 L.Ed. 1230, 93 A.L.R. 195, accords a creditor of a bankrupt a legal right to have the non-dischargeability of his claim determined by the bankruptcy court even before the entry of an order discharging the bankrupt. We do not so construe the Supreme Court's ruling in the Local Loan case. The question there was not as to a *creditor's* right to a determination with respect to the effect of his debtor's discharge as a bankrupt. The bankrupt in the Local Loan case had been discharged prior to his application to the bankruptcy court for an order defining the effect and scope of his discharge. Obviously, the duty resting upon a bankruptcy court in such regard, prior to the entry of a discharge, was not even inferentially involved. The Supreme Court held that a bankruptcy court has jurisdiction, as a court of equity, to protect and effectuate its order of discharge by enjoining the prosecution of suits against the debtor but said that,—"It does not follow, however, that the [bankruptcy] court was bound to exercise its authority. And it probably would not and should not have done so except under unusual circumstances such as here exist." The "unusual circumstances" which existed in the Local Loan case were that "the wholly disproportionate trouble, embarrassment, expense, and possible loss of employment", which the bankrupt faced from the many suits instituted against him in the State courts (with probable appeals), would have rendered his right to plead his discharge in defense an inadequate remedy. But even in such circumstances the jurisdiction exercisable by a bankruptcy court is discretionary. That such is the intent of the ruling in the Local Loan case has elsewhere been so construed. In re Devereaux, 2 Cir., 76 F.2d 522, 523.

A fortiori, must the jurisdiction of the bankruptcy court be discretionary, when, as here and as in Watts v. Ellithorpe, supra, the invocation is by a creditor to have the non-dischargeability of its debt authoritatively spelled out in advance of the bankrupt's discharge. Nor is any valid reason apparent why a bankruptcy court, whatever its jurisdiction may be, should be required to exercise it under such circumstances.

If the creditor has a non-dischargeable claim, no order of discharge can affect it. The Bankruptcy Act expressly so provides, Sec. 17. Accordingly, when a discharge is granted, the order recites, inter alia, that the bankrupt is thereby discharged from all debts made provable by the Act "except

such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy." See Form 45, 11 U.S.C.A. following Section 53. Nor does a discharge ensue as a matter of course. While an adjudication of bankruptcy (except in the case of a corporation) now serves as an application for the bankrupt's discharge (see Sec. 14 of the Bankruptcy Act, as amended, 52 Stat. 850, 11 U.S.C.A. § 32) before a discharge can be entered, a time must be fixed by order of the bankruptcy court for the filing of objections to the bankrupt's proposed discharge. Thereby parties in interest may make known misconduct on the part of the bankrupt which, if legally sufficient, will prevent him from obtaining a discharge. But whether or not that is done, creditors holding non-dischargeable debts are free to press for their payment by the bankrupt regardless of the bankruptcy. An adjudication of the non-dischargeability of a particular debt in advance of a discharge is, therefore, patently unnecessary for the protection of the holder of a non-dischargeable debt.

It is upon suit by a creditor against the bankrupt (in either a State or a Federal court) for a debt existing at the time of the filing of the petition in bankruptcy for the debtor's adjudication as a bankrupt that the effect of the discharge becomes pertinent upon its being pleaded by the bankrupt in defense to the suit. See Watts v. Ellithorpe, supra; In re Devereaux, supra; and Teubert v. Kessler, 3 Cir., 296 F. 472, 473.

It logically follows that whether the non-dischargeability of a particular debt should be heard and determined by a referee in advance of an order of discharge or even before the effect of such an order has been adversarily asserted to a claim upon an alleged non-dischargeable debt lies peculiarly in the discretion of the referee to be exercised by him in respect of an objective of bankruptcy. Compare Watts v. Ellithorpe,

supra, 135 F.2d page 2; see also In re Devereaux, supra, 76 F.2d page 523. As was said in Teubert v. Kessler, suura, 296 F. page 473,—"The right to a discharge and the effect of a discharge are wholly distinct propositions." In the instant case, the right to a discharge had not yet been determined or considered. Whether the bankrupt would ever be able to obtain a discharge was unknown at the time of the creditor's application. In such circumstances, much time and expense might be wasted in useless and unnecessary hearings with respect to the non-dischargeability of certain debts, for, unless a debt be pressed later as one not discharged by bankruptcy and unless the bankrupt pleads his discharge in defense thereto, no material question as to the effect of the discharge is likely to arise. A bankruptcy court is not concerned with the furtherance of, nor may it be required to further, some particular creditor's private interests or desires. Its duty and, therefore, its responsibility is to see to the ratable distribution of a bankrupt's property among his creditors according to their priorities as determined by the Act.

No unusual circumstances were here shown to support the extraordinary application. The appellant remains free to sue upon its claim against the bankrupt for a non-dischargeable debt if such the debt is. And, because of the bankrupt's alleged wrongful conduct in obtaining the loan, the appellant may also object to the bankrupt's discharge when the appropriate occasion arises. There is no allegation that any harm can possibly come to the creditor from following the usual and approved mode of procedure. We think that the application was, at best, addressed to the discretion of the bankruptcy court and that the action taken by the court with respect thereto was a sound exercise of the discretion.

The order of the District Court is affirmed.