## In re GROVER.

### No. 16860.

District Court, D. Minnesota, Fourth Division.

Dec. 5, 1945.

645

Arthur A. Logefeil, of Minneapolis, Minn., for the bankrupt.

Erickson & Erickson, of Minneapolis, Minn., for Peter Mickalsky.

NORDBYE, District Judge.

The above proceeding came before this court on a notice of motion of the bankrupt seeking an order granting the following relief:

1. That the judgment heretofore rendered in Case No. 389149 in the Municipal Court of the City of Minneapolis, Minnesota, against the defendants and in favor of the plaintiff, wherein Peter Mickalsky, as father and natural guardian of Dennis Mickalsky, a minor, was plaintiff, and Alonzo Lon Grover and Esther Grover, his wife, were defendants, was and is dischargeable as to the above named bankrupt by virtue of his discharge in bankruptcy rendered by the above named Court.

2. Restraining the Clerk of Municipal Court, of the City of Minneapolis, Minnesota, Peter Mickalsky, as father and natural guardian of Dennis Mickalsky, a minor, and Erickson and Erickson as lawyers, from taking any further proceedings pursuant to said judgment until the hearing on the above motion and until further order of this Court.

Upon the affidavit of Arthur A. Logefeil at the time the motion was filed, this Court entered an order restraining the parties referred to from taking any further proceedings pursuant to said judgment until the hearing of said motion and until the further order of this Court. Therefore, all matters have been held in abeyance pending the disposition of this motion.

The admitted facts may be briefly summarized as follows: On August 18, 1943, a judgment was entered in Municipal Court in the case referred to against the above named bankrupt and his wife. This action grew out of an injury to Mickalsky's minor child as the result of being bitten by Grover's dog which was alleged to be knowingly vicious. On November 15, 1943, Grover was adjudicated a bankrupt in this Court. The Mickalsky judgment was duly scheduled. On August 25, 1944, he was discharged in said bankruptcy proceedings. In October, 1944, after a garnishment had been levied on Grover's wages, in Mickalsky v. Grover et al., he proceeded by motion in the Municipal Court of the City of Minneapolis seeking to have all proceedings stayed therein until the further order of the Court so that it could be determined whether or not the judgment was dischargeable in bankruptcy as to the defendant Alonzo Grover. Apparently the motion recognized that the Municipal Court did not have jurisdiction to discharge the judgment even though it was dischargeable in bankruptcy for the reason that a year had not expired since the date of the discharge. See, Minnesota General Statutes 1941, Vol. 2, Sec. 548.18. But the motion did seek an order of the Court staying "proceedings on the judgment and for an order determining that the judgment was dischargeable in bankruptcy." On December 4, 1944, one of the judges of the Municipal Court filed an order denying the motion made by Grover and in his memorandum stated that he doubted that the Municipal Court had jurisdiction to entertain the motion. He referred to the Minnesota Statutes, Sec. 548.-18, and stated that the year had not elapsed since the discharge had been entered. He also stated that the Municipal Court, being a court of limited jurisdiction, had no power to restrain the enforcement of a judgment. Notwithstanding these observations, however, the court did express the opinion in the memorandum that the judgment was not one dischargeable in bankruptcy. It is to be gathered from the memorandum that

he concluded that the injury which resulted to the minor child on account of being bitten by defendants' dog was a willful and malicious injury to the person or property of another see 11 U.S.C.A. 35(2), and hence was not dischargeable in bankruptcy. After the decision of the Municipal Court was filed, the bankrupt proceeded by a notice of motion in the bankruptcy proceedings and sought the relief indicated above. This matter was heard by this Court in February, 1945. The last brief was filed some time in April, 1945. Counsel for bankrupt suggested that he would procure a transcript of the trial proceeding in the Municipal Court which would indicate that the injury caused by the bankrupt's dog was not a willful or intentional tort on the part of the bankrupt, and, in light of the Municipal Court's decision, would indicate the necessity for the assumption of jurisdiction by this Court. The Court has delayed any determination of this motion awaiting the delivery of the transcript, but although repeated promises have been forthcoming on the part of the bankrupt's counsel as to the time when the transcript would be made available to the Court, as yet it has not been delivered.

■ The Municipal Court judge who heard the motion and who filed the order of December 4, 1944, stated that he had examined "the minutes of the trial judge and found ample evidence therein to the effect that the defendant had knowledge that this dog had attacked two or three other parties prior to the attack upon the plaintiff." He also concluded from the minutes of the trial judge that the entire situation was analogous to the permitting of a vicious dog to remain at large, although Grover's dog apparently was tied when the attack took place. This Court, of course, has no way of knowing whether or not the observations of the Municipal judge were sound or otherwise. Neither the minutes of the trial judge nor the transcript of the evidence has been made available herein. In passing, it may be doubted that the question of the dischargeability of the judgment was properly before the Municipal Court. That fact was apparently recognized by the court when the motion was denied. This Court, however, does not construe the effect of the order of the Municipal Court or its finality because it is of the opinion that, under all the circumstances, it should not proceed to assume jurisdiction as a court of equity ancillary to the Bankruptcy Court. True, it may be stated that this Court has the

power under certain circumstances on a supplemental bill, at least, to enjoin an action against a discharged bankrupt if the debt in question was barred by the discharge. This has now been settled by the Supreme Court in Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195. But the teachings of that case will not justify the view that the Bankruptcy Court should always exercise its jurisdiction for the purpose of protecting its decree; in fact, the Supreme Court in the Hunt case takes pains to point out that the jurisdiction of the Federal court under such circumstances should only be exercised under unusual conditions. In the Hunt case, it appeared that the bankrupt was in danger of being subjected to an "obviously long and expensive course of litigation" (292 U.S. at page 241, 54 S.Ct. at page 698, 78 L.Ed. 1230, 93 A.L.R. 195), and the court pointed out that the remedy in the State courts "is entirely inadequate because of the wholly disproportionate trouble, embarrassment, expense, and possible loss of employment which it involves." (292 U.S. at page 242, 54 S.Ct. at page 698, 78 L.Ed. 1230, 93 A.L.R. 195.) In the instant proceeding, however, the statute of Minnesota affords prompt, adequate and full relief if this debt is dischargeable in bankruptcy. Section 548.18 of the 1941 Minnesota Statutes provides:

"Any person discharged from his debts pursuant to the act of congress * * * may, after the expiration of one year from the date of such discharge, apply to any court of record in which a judgment shall have been rendered or a transcript thereof filed against him for the discharge thereof from record, and if it shall appear to the court that he has thus been discharged from the payment of such judgment, the court may order and direct that such judgment be discharged and satisfied of record, and thereupon the clerk of such court shall enter a satisfaction thereof. * * *"

■ A year has now expired since the discharge in bankruptcy and proceedings to obtain a discharge of the judgment under the statute may be invoked. The bankrupt has utterly failed to establish any circumstances which would justify the intervention of this Court in determining the factual question as to the dischargeability of the judgment in question. The bankruptcy proceeding in this Court is now closed. There is no need to protect any part of the bankruptcy estate from the judgment

or any proceedings ancillary thereto. In other words, the Bankruptcy Court has no further interest in the bankruptcy proceedings except where it becomes necessary to proceed in aid of and to effectuate the decree of discharge which has been accorded the bankrupt if it appears that he has no adequate, legal remedy. The legal remedy which the bankrupt has in the State Court is simple, inexpensive, and complete. If he is entitled to a discharge of this judgment, the State courts can pass upon that question as completely and adequately as this Court can. There is no reason to assume that any proceeding in State Court under the statute referred to will involve any lengthy, expensive or burdensome proceedings such as appeared in the Hunt case. A bankruptcy Court should be reluctant to be used as a forum for the determination of the dischargeability of creditors' claims when such questions may be determined in other courts having jurisdiction. The bankrupt sought to avail himself of the jurisdiction of the Municipal Court before the year expired, and, of course, if the order of that court is final, this Court should not interfere. Having selected the State tribunal to obtain a decision on the question, the bankrupt is not in a position after an adverse decision, if it is a final adjudication of the question, to come into this Court and have the same question litigated. If the decision in the Municipal Court is not final, but merely assumes to indicate the court's views on a question as to which the court did not at that time have jurisdiction, then there is no reason to assume that the Municipal Court or another court of record having jurisdiction will not be able to promptly and adequately determine the question. The views indicated herein are in conformity with those expressed in Collier on Bankruptcy, 14th Ed., Vol. 1, Sec. 17.28, wherein that author stated:

"The question often arises as to what court determines whether or not a particular debt is released by a discharge, since the certificate of discharge itself is silent as to the liabilities affected. Normally the court in which a debt is proceeded upon is the proper forum to determine whether a discharge releases a particular debt. Under unusual circumstances, however, resort may be had to the Bankruptcy Court to enjoin the enforcement of a debt in order to vindicate a discharge which had been entered in the exercise of a jurisdiction which is essentially federal and exclusive in character."

Also, Remington on Bankruptcy, 5th Ed., Sec. 3438, states the rule as follows:

"The effect of the discharge on the rights of the parties is in general to be determined when enforcement of the debt is attempted."

The following cases also tend to sustain the views expressed herein: In re Biscoe, D.C., 45 F.Supp. 422; In re Innis, 7 Cir., 140 F.2d 479; In re Barber, 3 Cir., 140 F.2d 727; In re Anthony, D.C., 42 F.Supp. 312; Watts v. Ellithorpe, 1 Cir., 135 F.2d 1. Attention may also be called to the language of the Circuit Court of Appeals of the Second Circuit in Re Devereaux, 76 F.2d 522, 523, wherein that court said:

"After Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 698, 78 L.Ed. 1230 [93 A.L.R. 195] it can no longer be denied that the bankruptcy court has jurisdiction as upon an ancillary bill in equity to determine whether the bankrupt's discharge is a bar to a provable debt. * * * Nevertheless, the exercise of such jurisdiction is not as of course; * * *. In our opinion it still remains true that in general the effect of a discharge is to be raised by pleading it as a bar when the creditor attempts to enforce his claim, or using it to procure cancellation of a judgment entered before discharge, if the state statutes permit this procedure."

It may be stated in passing that I have not determined whether it is necessary for the bankrupt to proceed in this Court by a supplemental bill in equity rather than by a notice of motion in the bankruptcy proceedings if the equity arm of this Court is to be invoked to enforce an order of discharge in bankruptcy. In that the Court has concluded that this Court should not assume jurisdiction because of the reasons stated, the propriety of the form of application is not passed upon.

It follows, therefore, that the bankrupt's motion must be and hereby is in all things denied, and the restraining order heretofore issued is discharged. It is so ordered. An exception is allowed.