of her land consisting of 22 acres to one Hamilton, who erected a house and certain outbuildings thereon. Subsequently Hamilton was dispossessed in a foreclosure action wherein Skirving was made a party defendant and in which she stipulated that the so-called Hamilton buildings might be separated from the land and sold as personalty by labor lienholders of Hamilton. The Jensens bought these buildings at public auction in 1938 and moved the same onto what they assumed to be their own real property. Actually they were under a mistaken impression, for they had been occupying not only the 1½-acre tract beforementioned, the title to which was then in King County, but the northern 65 feet of the 22-acre Skirving tract immediately to the south; the Jensens by mistake and inadvertence had moved the buildings which they had purchased to the northern 65 feet of the Skirving property.

On January 13, 1944, appellants Clarence A. Rees and Evelyn E. Rees, and the community composed of the two, purchased the Skirving tract. The real estate contract memorializing the transaction purported to sell the land " * * * with the appurtenances thereto belonging, * * * " and made reference to the responsibility of the purchasers to insure buildings on the property. On January 20, 1944, appellants for the sum of $59 obtained from the Treasurer of King County a conveyance by tax deed of the adjoining 1½-acre tract which had been foreclosed for delinquent taxes in 1932. Appellants summarily, subsequent to January 13, 1944, took possession of the buildings purchased by the Jensens and evicted Jensen tenants who were occupying the buildings. Thereafter, in 1944, the Jensens as plaintiffs commenced an action in the appropriate Washington state court to set aside the tax deed to the 1½-acre tract and to quiet title to the 65 feet adjoining to the south in the area formerly owned by Skirving, claiming title upon the ground of "equitable frustration" and also by adverse possession. In an amended pleading in the action the Jensens also sought relief for the forcible taking and conversion of their personal property consisting of the buildings aforesaid. Issue being joined by answer of the defendants

Colvin & Williams, of Seattle, Wash. (David J. Williams and Mary E. Burrus, both of Seattle, Wash., of counsel) for appellant.

Lady Willie Forbus, of Seattle, Wash., for appellee.

Before BONE and ORR, Circuit Judges, and McCORMICK, District Judge.

McCORMICK, District Judge.

Soren N. Jensen and Anna Jensen, and the marital community composed of the two, owned certain real estate in the State of Washington subsequent to June, 1929. Adjoining their property were premises of one Cora J. Skirving (nee Nessly), hereinafter called Skirving. The boundary between the two properties was mutually misapprehended by such owners. On April 21, 1932, a tax deed covering a 1½ acre tract immediately adjoining the Skirving property (theretofore owned by the Jensens) was issued to King County, Washington, as a result of a foreclosure for tax delinquency. Of this incident the Jensens claim to have been unaware. Also in 1932 Skirving sold "on real estate contract" the adjoining tract

Rees, after a trial on the merits in which testimony and evidence was adduced by both plaintiffs and defendants, the court made and entered findings which substantially determined the defendants Rees to have in palpable disregard of property rights, intentionally converted the Jensen buildings without any consideration and with actual knowledge that such buildings were no part of the Rees purchase. In a decree entered June 5, 1945, the Superior Court of the State of Washington for King County in the aforesaid action denied relief to the Jensens on the first two contentions, rendering judgment however in their favor and against defendants Rees on the third for $1000.00 (the value of the buildings at the time of conversion), and costs of suits, or a total of $1064.90. This judgment remained unsatisfied at the time the appellants Rees were adjudged bankrupts, and it is listed among the debts from which discharge is sought by them. In the bankruptcy proceeding upon objections by the Jensens to the discharge of their judgment debt and after a hearing by the referee to which both the objecting creditors and the bankrupts stipulated, the referee on May 23, 1947 entered a final order discharging the bankrupts " * . * * from all debts and claims which are by the Act of Congress relating to bankruptcy made provable by said Act against their estate, except such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy, and in particular except that certain judgment debt of Soren N. Jensen and Anna Jensen, his wife, and the marital community composed of them, in Cause No. 352943, in the Superior Court of King County, Washington, in the amount of $1,064.90 * * *."

On October 13, 1947, the United States District Court for the Western District of Washington upon review ordered the decision of the referee sustained. Appellants, bankrupts, appeal to this court under 28 U. S.C.A. §§ 1291–1294, contending that the judgment debt in favor of Soren N. Jensen and Anna Jensen should have been discharged with the other debts and that it was not founded upon a willful and malicious injury to property within Section 17, sub. a(2), of the Bankruptcy Act, 11 U.S.C.A. § 35, sub. a(2).[1]

Appellee, Anna Jensen, in addition to her individual appearance, has been duly substituted appellee in this court in her testimentary capacity as executrix of the estate of Soren N. Jensen, deceased.

No oral testimony was offered in the proceedings before the referee or the district judge, the issue having been submitted in both forums upon documentary evidence consisting of the pleadings in the state court action, the real estate contract of January 13, 1944, between Skirving as seller and defendants Rees as buyers, previously adverted to, a letter dated February 26, 1944, to the Jensens from one Longfellow, representing the Reeses, and the findings of fact, conclusions of law and decree of the Washington state court dated June 5, 1945.

The question for decision is therefore whether under such record the judgment debt decreed in the Washington state action is a liability for willful and malicious injury to the person or property of the Jensens and consequently excepted from the appellants' discharge in bankruptcy.

The Supreme Court has supplied the yardstick to be used in measuring the sufficiency of proof which under the pertinent provisions of Section 17, sub. a(2), of the Bankruptcy Act excepts debts created by the conversion of property from discharges in bankruptcy.

■ It is clear that merely because a conversion is intentional it is not ex proprio vigore to be classified as willful and malicious within the meaning of the pertinent section of the Bankruptcy Act. There must also be a showing of the tort with aggravating features, which will warrant a deduction that the conversion in question transcends ordinary wrongdoing into a situation evincing a reckless disregard of the personal or property rights of others,

---

[1] Section 17, sub. a (2), of the Bankruptcy Act in pari materia provides: "Debts not affected by a discharge a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities * * * for willful and malicious injuries to the person or property of another * * *."

and a willingness by the tort-feasor to inflict the injury complained of in the specific case. Actual malice, however, as that term is generally understood is unnecessary. Alaska Packers Ass'n v. United States, 9 Cir., 244 F. 710; In re Greene, 7 Cir., 87 F.2d 951, 109 A.L.R. 1188; In re Wegner, 7 Cir., 88 F.2d 899.

In Davis v. Ætna Acceptance Co., 293 U.S. 328, 55 S.Ct. 151, 153, 79 L.Ed. 393, Justice Cardozo, writing for a unanimous court, said:

"The respondent contends that the petitioner was liable for a willful and malicious injury to the property of another as the result of the sale and conversion of the car in his possession. There is no doubt that an act of conversion, if willful and malicious, is an injury to property within the scope of this exception. Such a case was McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205, where the wrong was unexcused and wanton. But a willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice. * * * There may be an honest but mistaken belief, engendered by a course of dealing, that powers have been enlarged or incapacities removed. In these and like cases, what is done is a tort, but not a willful and malicious one."

Under the requirements thus specified, we need but examine, as did the referee and the district judge below, the factual ascertainments reached in the Washington state court to conclude that the conversion by appellants Rees of the buildings belonging to the Jensens contained the elements that preclude the protection of a discharge in bankruptcy.

 The Washington state trial court upon contested factual issues found "That the houses, sheds, barns and each structure now upon said north 65 feet have been at all times considered as personalty by the plaintiffs (Jensens) and the defendant Skirving; and that at the time of her sale of said property to the defendants, (appellants) Clarence A. Rees and wife, said structures were not included in the sale and no consideration was given for them, or either of them. That the defendants (appellants) Rees and wife never at any time believed they were purchasing said structures, or either of them, having been advised at the time of their purchase that the buildings were no part of the property purchased. That notwithstanding the facts herinabove set out, the defendants (appellants), Clarence A. Rees and Evelyn E. Rees, his wife, on or about January 20, 1944, took possession of all and every one of the structures hereinabove mentioned, moved into the house and ejected the plaintiffs' tenants therefrom and in all respects converted said property to their own uses; and denied the use or possession of same to plaintiffs and their tenants." These findings are ample to sustain the order under attack in this appeal.[2] Inherently, the findings show a wanton disregard of Jensens' property right and negative the idea that the conversion of the Jensens' buildings was inadvertent, innocent or technical. Undoubtedly the state court in reaching the determination reflected in the findings gave consideration to all statements, including those mentioning "appurtenances" and relating to insurance in the real estate contract between Skirving and defendants (appellants) Rees, dated January 13, 1944, and judicially weighed such in the light of all other facts and circumstances shown by the record before it.

There is also a further circumstance in the record which would additionally warrant the trier of facts in the forums below to conclude that the necessary elements of willfulness and malice specified in Section 17, sub. a(2), of the Bankruptcy Act were present in the conversion by defendants

---

[2] A state court's determination of the willfulness or maliciousness of certain acts may oftentimes even be preferable to the determination (independently) of a bankruptcy court. See In re Biscoe, D.C. D.Mass.1942, 45 F.Supp. 422 and the approving allusion to such view in Watts v. Ellithorpe, 1 Cir., 1943, 135 F.2d 1; Greenfield v. Tucillo, 2 Cir., 129 F.2d 854, 857; Ciavarella v. Salituri, 2 Cir., 1946, 153 F.2d 343.

(appellants) Rees of the Jensen buildings; shortly after the summary taking of such structures by defendants Rees and at a time when they knew that the buildings were not included in the purchase from Skirving and before they (appellants) had acquired the 1½ acre, their representative, one Longfellow, in their behalf asserted their right to one of the Jensen structures regardless of location in either of the areas.

It was clearly within the province of the referee and the district court to consider, weigh and determine the value and effect of the documentary evidence submitted on the judgment creditors' objection to the bankrupts' discharge. This having been done, appropriate findings of fact and judgment excepting the Jensen judgment debt from a discharge were warranted in the absence of a showing as provided in subdivision c of Section 14 of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c. There having been no such showing, neither the referee's order of May 23, 1947, nor that of the district judge dated October 13, 1947, should be disturbed.

Affirmed.