**STATE FINANCE COMPANY, a corporation, Appellant,**

v.

**Roy Lee MORROW, Appellee.**

No. 4932.

United States Court of Appeals, Tenth Circuit.

Oct. 27, 1954.

Paul L. Washington, Oklahoma City, Okl., for appellant.

Judd L. Black, Oklahoma City, Okl., for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

In a bankruptcy proceedings in the United States District Court for the Western District of Oklahoma, Roy Lee Morrow was discharged from all of his provable debts after due notice to all of his creditors, including National Loan Company, predecessor of Appellant, State Finance Company, having listed as an outstanding indebtedness the balance due the loan company on a promissory note. After the discharge the loan company filed suit on the note in a justice of the peace court. The bankrupt did not plead in the state court but instead instituted this ancillary equity proceedings in the bankruptcy court to enjoin the loan company from prosecuting the action in the state court after discharge in bankruptcy. The loan company appeals from a decree permanently staying the state court proceedings.

While the complaint in the state court is upon the promissory note scheduled in the bankruptcy proceedings, counsel for the loan company asserts in his statements and briefs in the trial court and here that the suit in the state court is based upon a liability obtained by false representations of the bankrupt in his financial statement to induce the consummation of the loan, and the debt is therefore not dischargeable under the specific provisions of the Bankruptcy Act, § 17, 11 U.S.C.A. § 35; that the bankruptcy court had no jurisdiction to determine the effect of its discharge in bankruptcy on this particular note-indebtedness or to enjoin the state proceedings; and in any event, should have relegated the bankrupt to his adequate defense in the state court.

Section 14, sub. c(3), 11 U.S.C.A. § 32, sub. c(3) of the Bankruptcy Act authorizes the bankruptcy court to withhold a discharge from a bankrupt who has "obtained money or property on credit * * * by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition". A trustee, creditor, or the United States Attorney acting on request of the court may object to a general discharge of a debtor on any of the grounds enumerated in Section 14. But a discharge is not divisible into individual debts, and it is not incumbent upon a creditor to oppose a discharge on the

grounds that the scheduled debt due it was obtained by fraud. In re Barber, 3 Cir., 140 F.2d 727; Watts v. Ellithorpe, 1 Cir., 135 F.2d 1; In re Anthony, D. C., 42 F.Supp. 312.

■ Section 17, sub. a (2), 11 U.S. C.A. § 35, sub. a (2), of the Bankruptcy Act provides in material part that, "a discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations * * *."

It will thus be seen that the latter section excepts liabilities for false pretenses and representations from the discharge, while Section 14, sub. c(3) authorizes the withholding of a discharge in its entirety on the grounds of fraud. The two sections are not mutually exclusive or pari materia; see 1 Collier on Bankruptcy, 14th Ed., Parg. 14.35; but they have been construed and administered to provide for an expeditious discharge of all provable debts and to leave the question of the legal effect of the discharge to litigation in courts of competent jurisdiction where the decree of discharge is pleaded as a defense to a claim based upon a liability obtained by fraud and false pretenses. Csatari v. General Finance Corporation, 6 Cir., 173 F.2d 798; Harrison v. Donnelly, 8 Cir., 153 F.2d 588; In re Hadden, 6 Cir., 142 F.2d 896; In re Barber, supra; Watts v. Ellithorpe, supra; Helms v. Holmes, 129 F.2d 263, and Annotation, 141 A.L.R. 1380; In re Devereaux, 2 Cir., 76 F.2d 522; In re Scandiffio, D. C., 63 F.Supp. 264; In re Anthony, supra; 6 Am.Jur., Bankruptcy, § 313, p. 740; 1 Collier on Bankruptcy, 14th Ed., Parg. 2.62(5); 7 Remington on Bankruptcy, 5th Ed., §§ 3437 and 3438, pp. 691–5; Donnelly, The Non-Dischargeability of Dischargeable Debts in Bankruptcy (1950), 36 Va.L. Rev. 185. In short, "the right to a discharge and the effect of a discharge are entirely distinct propositions." In re Marshall Paper Co., 1 Cir., 102 F. 872, 874; Harrison v. Donnelly, supra.

■ The trial court's injunctive decree is based squarely upon the philosophy of Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195, and Seaboard Small Loan Corporation v. Ottinger, 4 Cir., 50 F.2d 856, conclusively establishing the discretionary authority of the bankruptcy court in an ancillary proceedings of this kind to determine the effect of its adjudication and order in bankruptcy, and to enjoin any threatened interference with the integrity of its decree of discharge. See also Beneficial Loan Co. v. Noble, 10 Cir., 129 F.2d 425; Personal Finance Co. of Colorado v. Day, 10 Cir., 126 F.2d 281.

■ The underlying philosophy of the Hunt and Seaboard cases, supra, is to the effect that while the legal effect of a discharge in bankruptcy is not generally a matter for adjudication before formal discharge, the power and authority of the bankruptcy court to protect the bankrupt and to secure to him the full benefits of his discharge do not terminate with the entry of the decree of discharge. This solicitude rests upon the basic design of the Bankruptcy Act not only to distribute the nonexempt property of the debtor fairly and equally among his creditors but to afford the debtor a fresh start in life free from debts except those which by statute survive the discharge. The effectuation of this design and purpose is a matter of great public interest, and to that end the courts of bankruptcy were created and expressly invested "with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in (bankruptcy) proceedings" Sec. 2, sub. a of Bankruptcy Act, 11 U.S.C.A. § 11, sub. a, and to "make such orders, issue such process and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this title * * *." Sec. 2, sub. a(15) of Bankruptcy Act, 11 U.S. C.A. § 11, sub. a(15). The jurisdiction thus committed is exclusively federal in character and inherently equitable in its nature. See the Hunt Case, supra, 292 U.S. at page 244, 54 S.Ct. 695.

■ The Congress and the courts have always recognized the power and the duty of the bankruptcy court to grant any appropriate and necessary injunctive decree in furtherance or in aid of its jurisdiction or to protect or effectuate its judgments. Toucey v. New York Life Ins. Co., 314 U.S. 118, 152, 62 S.Ct. 139, 86 L.Ed. 100; Steelman v. All Continent Corp., 301 U.S. 278, 289, 57 S.Ct. 705, 81 L.Ed. 1085; Continental Illinois Nat. Bank & Trust Co. of Chicago v. Chicago, Rock Island Ry. Co., 294 U.S. 648, 675, 55 S.Ct. 595, 79 L.Ed. 1110; Holmes v. Rowe, 9 Cir., 97 F.2d 537.

■ We have here, as in the Hunt, Seaboard and Beneficial Loan cases, supra, an ancillary proceedings to protect and effectuate a bankruptcy decree discharging the petitioner of a debt evidenced by a note which is also the basis for the suit in the justice of the peace court. The question whether that debt now asserted in the state court was discharged by the decree is drawn in issue and it is to be determined by the federal court on equitable principles fashioned in the image of the needs of the occasion. Brown v. O'Keefe, 300 U.S. 598, 57 S.Ct. 543, 81 L.Ed. 827; Steelman v. All Continent Corp., supra.

■ True, a rightful regard for the state court proceedings requires the bankruptcy court to inquire into the nature of the remedy in the state court. But it is important to bear in mind that the remedy afforded to the bankrupt by federal law is not merely a legal remedy in the form of burdensome litigation with successive appeals to reach a court of record. It is a remedy adequate to meet the full requirements of justice —a remedy which comports with the spirit and purpose of the bankruptcy act to secure to the bankrupt the full and complete benefits and advantages of his discharge.

■ The suit in the state court is upon the note scheduled in the bankruptcy proceedings, and the loan company prays judgment upon it. It now says that although the complaint is upon the note, liberality of pleadings in the justice of the peace court allows it to rebut any defense of discharge by a showing of fraud in the procurement of the debt evidenced by the note.

The debt on the note has been discharged; only the liability for fraud survives the discharge. As a practical matter based upon the realities of the judicial processes in a court in which the issues are so loosely cast, the bankruptcy court is unable to determine with any degree of satisfaction whether the ultimate judgment of the court will be based upon the debt for which the note was given or the fraud which may have induced it. The court may well have taken judicial notice that the court in which the liability was asserted was not a court of record where issues of law and fact are defined with any degree of particularity, and that for all practical purposes the bankrupt was defenseless. It is these practical considerations which prompt bankruptcy courts to exercise their equitable protective powers. Indeed, it is these considerations which impose upon them the inescapable duty to vouchsafe the integrity of their decrees. See In re Caldwell, D. C., 33 F.Supp. 631; In re Cleapor, D.C., 16 F.Supp. 481; Annotations, 141 A.L.R. 1380–1394.

■ The trial court determined the adequacy of the remedy upon the face of the complaint and concluded that the Appellant's suit was upon the discharged debt. We think the trial court was fully justified in so doing.

The judgment is affirmed.