In re Charles Joseph PRENZI, Sandra Josephine Prenzi, Bankrupts.

Randall WARD and Linda Ward, husband and wife, Plaintiffs,

v.

Charles Joseph PRENZI and Sandra Josephine Prenzi, husband and wife, Defendants.

Bankruptcy Nos. B–79–576–Tucson "A", B–79–577–Tucson.

United States Bankruptcy Court, D. Arizona.

March 4, 1980.

James P. F. Egbert, Law Offices of J. Emery Barker, Tucson, Ariz., for plaintiff.

Herbert E. Lahr, Tucson, Ariz., for defendants.

## MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

Plaintiffs timely filed an objection to the discharge of the bankrupts, Charles Joseph Prenzi and Sandra Josephine Prenzi, husband and wife, alleging that they had maliciously converted the property of the Wards'. The complaint was filed under section 17(a)(8) of the 1938 Bankruptcy Act, as amended. This Court has jurisdiction of this matter under Bankruptcy Rule of Pro-

cedure 701. Trial was had on February 22, 1980.

Plaintiff Ward and Ward complain that the defendants, Prenzi and Prenzi, failed to comply with the terms of a written agreement on July 8, 1977. Pertinent parts of this agreement read as follows: "3 . . . defendant further agrees to execute a promissory note and mortgage for $3,000 to the plaintiffs to draw interest at the legal rate as defined by the Arizona statutes, within one week of the date of this agreement on real property with a home thereon to be purchased by defendants in the area of Sierra Vista, Arizona, the street address being 1141 Mesquite Drive. The parties shall deposit said note and mortgage or in the alternative the sum of $3,000 with the Pima County Superior Court in action number 168242." This agreement was entered into as a result of a lis pendens being filed by the Wards in Pima County, Arizona, which prevented a sale of a house which the Prenzis owned.

At this time the parties were involved in a lawsuit over an accounting in a partnership business that they had carried on. The Superior Court action resulted in a finding by the court that the Prenzis were indebted to the plaintiff Ward and Ward in the sum of $4,159.89. Parties have stipulated that the debt to which the denial of discharge is sought is the sum of $3,000 provided for in the agreement of July 8, 1977.

Mr. John Fioramonti, the then attorney for the Prenzis, testified that he felt there might be some question as to the validity of the lis pendens, he advised his clients that if they wished to close the sale of the Pima County house quickly they must have a lis pendens filed. He further stated that he did not believe at the time that he was certain that he would win a legal action to void this lis pendens.

The agreement of July 8 is clear on its face. Mr. Fioramonti testified that he reviewed the agreement with his clients, and advised them of the legal requirements and consequences of placing a note and mortgage on their Sierra Vista home, or place $3,000 cash in the Superior Court to pay any judgment which the Wards might take against them.

It is clear under Arizona state law that the defendants, Prenzi and Prenzi, are charged with the knowledge of the July 8, 1977, agreement. See *In re Estate of Henry,* 6 Ariz.App. 183, 430 P.2d 937 (1967). *Mutual Ben. Health & Accident Association v. Ferrell,* 42 Ariz. 477, 27 P.2d 519 (1933). This imputed knowledge may not be sufficient to find a willful and malicious failure to act.

From a review of the testimony of the witnesses at the trial, however, this Court finds that the Prenzis had actual knowledge of their obligation to either execute a note and mortgage on their Sierra Vista property or pay the sum of $3,000 to the Superior Court as a bond to service the payment of any judgment taken against them in this action.

■ This Court finds that the note and mortgage that the Prenzis were to execute or the $3,000 bond to be placed in the Superior Court of the State of Arizona in and for the County of Pima, or the right to the mortgage or bond, is property which can be maliciously damaged. See *Lawrence T. Lasagna, Inc., v. Foster,* 609 F.2d 392 (9th Cir. 1979). This case cites *Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915), which says as follows: "[Property] denotes something subject to ownership, transfer, or exclusive possession and enjoyment, which may be brought within the dominion and control of a court through some recognized process."

The measure of maliciousness is defined in *Coen v. Zick,* 458 F.2d 326 (9th Cir. 1972) which states as follows: "The statutory exception which measures non-dischargeability is '. . . for liabilities . . . for willful or malicious injuries to the person or property of another . . .' The exception is measured by the nature of the act, i. e., whether it was one which caused willful and malicious injuries. All liabilities resulting therefrom are non-dischargeable."

■ We believe that the defendants Prenzis' failure to either execute a note and

mortgage on the Sierra Vista, Arizona, property for $3,000 or place a sum of $3,000 in the Superior Court of Pima County, as required by the July 8, 1977, agreement, is a willful and intentional failure to act and was done with a total disregard of the rights of the Wards. At trial the Prenzis failed to explain why they did not comply with the terms of the agreement, even though their attorney had explained to them the legal requirements of the agreement and the consequences of placing a mortgage on the Sierra Vista property or placing the $3,000 bond with the Superior Court. For a discussion of a "willful and malicious act" see *Rees v. Jensen,* 170 F.2d 348 (9th Cir. 1948); *Den Haerynck v. Thompson,* 228 F.2d 72 (10th Cir. 1955); *McIntyre v. Kavenaugh,* 242 U.S. 138, 37 S.Ct. 28, 61 L.Ed. 205 (1916). *1A Colliers on Bankruptcy,* § 17.17(1) (14th Ed.1978).

For the foregoing reasons, we hold that the debt of $3,000 due plaintiffs Ward and Ward from defendants Prenzi and Prenzi is not dischargeable.

Counsel, in his prayer, asked that such sum be placed as a lien against the present property of the parties situated in Sierra Vista, Arizona, and that it be adjudged prior of any claim of homestead exemption. This Court does not believe it has jurisdiction to do this, but in order to protect the plaintiff, this Court will modify the stay against Prenzis to permit them to proceed to judgment in the Superior Court action and to take any and all steps to obtain satisfaction of the judgment to the extent of $3,000. Plaintiffs' counsel shall prepare an appropriate form of judgment.

This memorandum shall serve as the Court's findings under Rule 752, Bankruptcy Rules of Procedure.