**In the Matter of Alexander Doak and Grace CAMPBELL, Debtors.**

**Thomas A. and Jane F. COYLE, Plaintiffs,**

**v.**

**Alexander Doak CAMPBELL, Defendant.**

**Bankruptcy No. 83–295. Adv. No. 83–440.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 2, 1984.

John Paul Parks, Lakeland, Fla., for plaintiffs.

Stichter & Riedel, Tampa, Fla., for defendant.

## MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion for Summary Judgment filed by Alexander Doak Campbell, the Defendant in the above-styled adversary proceeding. The Plaintiffs, Thomas A. and Jane F. Coyle (Plaintiffs), initiated this proceeding by filing a four count Complaint against the Debtor which seeks an order denying the general discharge of the Debtor and in the alternative seeks a determination of dischargeability of an alleged debt owed to the Plaintiffs pursuant to § 523(a)(6) of the Bankruptcy Code. In response to the complaint, the Debtor filed the Motion presently under consideration seeking to have a summary judgment entered in his favor as a matter of law on Counts III and IV of the Complaint. Earlier, this Court granted summary judgment in favor of the Debtor on Count IV. Thus, only the Motion for Summary Judgment addressed to Count III of the Complaint remains to be resolved.

The Court considered the record and finds the undisputed facts as they appear from the record and which are relevant to the Motion under consideration are as follows:

In August of 1982, the Debtor signed or caused to be signed the signatures of the Plaintiffs to a contract of guaranty and a financial statement in order to induce ITT Diversified Credit Corporation to extend credit to Economical Mobile Homes, Inc., (Economical), a corporation controlled by the Debtor. When Economical defaulted on its obligation, ITT brought suit against the Plaintiffs on their guaranties.

It is the Plaintiffs' position that the right to an "unimpaired financial condition" is a property interest which is entitled to a protection and which if impaired would create a non-dischargeable obligation under § 523(a)(6) of the Bankruptcy Code. In support of this proposition, the Plaintiffs contend that their financial condition was impaired because of the legal expenses which they incurred during litigation brought upon them as a result of the Debtor's willful and malicious conduct.

Although the Debtor does not admit that he forged the signature of the Plaintiffs on

the guaranties he contends that the matter is amenable to resolution as a matter of law because even assuming without admitting that he forged the names of the Plaintiffs, the right to an "unimpaired financial condition" is not a "property" interest entitled to protection by § 523(a)(6).

The Court's construing § 17(a)(8) of the Bankruptcy Act of 1898, the predecessor of § 523(a)(6) of the Code, defined the term "property" as:

"Something subject to ownership, transfer or exclusive possession and enjoyment, which may be brought within the dominion and control of a court through some recognized process."

*Ward v. Prenzi (In re Prenzi)*, 3 B.R. 165 (Bankr.D.Ariz.1980); *Lawrence T. Lasagna, Inc. v. Foster*, 609 F.2d 392 (9th Cir. 1979); *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915). There is nothing either in the Section or in the legislative history dealing with this subject which indicates that the case law interpreting the statutory predecessor of § 523(a)(6) no longer represents a proper construction of the term "property" within the meaning of that term as used in § 523(a)(6) of the Bankruptcy Code.

There is hardly any question that the right to maintain "unimpaired financial condition" is not something which can be transferred or something which is capable of cognizable ownership or translateable to cognizable monetary value. Accordingly, this Court is satisfied that an unimpaired "financial condition" is not a property right within the meaning of § 523(a)(6) which can be maliciously injured in the conventional sense. This being the case, the Plaintiff cannot prevail as a matter of law and the remaining Count of the Complaint shall be dismissed for failure to state a claim for which relief can be granted.

Accordingly, a separate Final Judgment shall be entered in accordance with the foregoing.