**In re Michael A. CROMER, Debtor,**

**Patricia CROMER, Plaintiff,**

v.

**Michael A. CROMER, Defendant.**

**Bankruptcy No. 92–12111–8P7.**

**Adv. No. 92–863.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 3, 1994.

Bernard J. Morse, IV, Tampa, FL, for plaintiff.

Michael A. Cromer, pro se.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matters under consideration are cross-motions for summary judgment filed by Michael A. Cromer (Debtor) and the Debtor's former wife, Patricia Cromer (Plaintiff). The Motions were filed in connection with the Plaintiff's Complaint in which the Plaintiff seeks to except from the Debtor's general discharge the debt allegedly owed to the Plaintiff, based on §§ 523(a)(2), 523(a)(5), and 523(a)(6) of the Bankruptcy Code. The facts relevant to the resolution of this controversy as they are established in the record·are as follows:

Prior to the commencement of this case, the Debtor and the Plaintiff had been married. In 1990, the parties began dissolution of marriage proceedings in the Circuit Court for Pinellas County, Florida. On June 11, 1990, the Circuit Court entered a Final Judgment of Dissolution of Marriage. As part of the Final Judgment, the Circuit Court incorporated the Marital Settlement Agreement (Agreement) entered into by the Debtor and his then-spouse.

The Agreement provided, inter alia, in Paragraph 3, that "[t]he Husband shall not at any time hereafter contract, nor incur any liabilities on behalf of the Wife, nor take any action which might obligate or charge her credit in any manner except as set forth herein or as mutually agreed by the parties." In addition, Paragraph 18 of the Agreement provided that the "Husband and Wife waive and forever discharge any claim for alimony from the other, whether lump sum, rehabilitative, periodic, temporary or permanent in nature."

It is without dispute that, notwithstanding this provision, subsequent to the entry of the Final Judgment and prior to the commencement of this case, the Debtor incurred numerous charges due to the use of credit cards issued to both the Debtor and his then-spouse by Chevy Chase Savings Bank, F.S.B. (Bank). The Bank is now pursuing the Plaintiff and seeks payment of the charges made by the Debtor by virtue of the credit issued by the Bank.

On September 11, 1992, the Debtor filed his voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. On February

5, 1993, the Plaintiff filed an Amended Complaint to Determine Dischargeability of Debt. In Count I of the Complaint, the Plaintiff contends that the Debtor made the charges knowing that the Debtor was violating the terms of the Final Judgment and therefore the Debtor's actions constituted actual fraud. In this Count, the Plaintiff seeks a determination that the debt owed to the Plaintiff should be excepted from the Debtor's general discharge pursuant to § 523(a)(2)(A).

In Count II of the Complaint, the Plaintiff contends that the Plaintiff has a property right in her credit rating and that the actions of the Debtor were willful and malicious and made with the actual intent to injure her credit rating. Therefore, according to the Plaintiff, the obligation owed as a result of the credit card used by the Debtor should be excepted from the overall protection of the general bankruptcy discharge pursuant to § 523(a)(6).

In Count III of the Complaint, the Plaintiff contends that the purpose of the provision in the Settlement Agreement which prohibits the Debtor from incurring liabilities on behalf of the Plaintiff or obligating her credit was intended to assist the Plaintiff and furnish the Plaintiff with maintenance and support. Thus, according to the Plaintiff, the obligation represented by the balance owed on the credit card attributable to the Debtor's charges should be nondischargeable pursuant to § 523(a)(5). The provisions of the Bankruptcy Code upon which the Complaint is based provide, in pertinent part, as follows:

### § 523. Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ...

\*     \*     \*     \*     \*     \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ...

\*     \*     \*     \*     \*     \*

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity ...

The burden of proof to sustain a claim of nondischargeability based upon § 523 of the Bankruptcy Code is placed upon the party seeking to except the debt from discharge by a mere preponderance of the evidence. *Grogan v. Garner* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). To prevail on a claim of nondischargeability based on § 523(a)(2)(A) the plaintiff must establish with the requisite degree of proof that: (1) the debtor obtained money, property, services, or credit or the extension of or the renewal of credit; (2) by false pretenses, misrepresentation or by actual fraud; and (3) the plaintiff in reliance suffered loss and injury as a proximate result of the false representations by the debtor. Even assuming, without admitting, that the Debtor had no intention to live up to his undertaking that he would not incur any further liabilities by using of the credit card issued to him and to his spouse, this breach of the promise still would not be sufficient to establish a viable claim under § 523(a)(2)(A) of the Bankruptcy Code. This is so because the injury claimed by the Plaintiff did not result from any reliance on the Debtor's undertaking set forth in Paragraph 18 of the Agreement.

Even a cursory reading of this Section and consideration of the undisputed facts recited earlier leaves no doubt that the Debtor did not obtain any money, property, services, credit or the extension or the renewal of credit from the Plaintiff. While it might

be contended that the Debtor did in fact obtain credit, albeit indirectly, by using the credit card, this proposition does not bear close analysis and to accept same would be stretching the scope of § 523(a)(2)(A) to an illogical limit. Based on the foregoing, this Court is satisfied that this record is lacking sufficient proof to establish a viable claim under § 523(a)(2)(A) of the Bankruptcy Code.

Considering the next claim of nondischargeability, it is equally evident that this record would not support this claim based on § 523(a)(5). First, in Paragraph 18 of the Marital Property Settlement, the Plaintiff expressly waived any claim for lump sum, rehabilitative, periodic, temporary or permanent in nature, and forever discharged any claim for alimony whether lump sum, rehabilitative, periodic, temporary or permanent in nature. Moreover, a construction of this Section to include, as urged by the Plaintiff, that the Debtor's promise not to use the credit cards was, in fact, an indirect way to furnish to her alimony, maintenance or support, all of which she expressly waived would also stretch beyond common sense, in light of the plain and clear language of the Marital Property Settlement.

■ This leaves for consideration the claim based on § 523(a)(6). The Plaintiff argues that the Debtor willfully and maliciously injured property of the Plaintiff by injuring her credit rating. Whether or not one's unimpaired financial condition is a cognizable property right was considered by this Court earlier in *Matter of Campbell,* 44 B.R. 116 (Bankr.M.D.Fla.1984). *Campbell* involved the construction of the predecessor of § 523(a)(6), § 17(a)(8) of the Bankruptcy Act of 1898, which basically had the identical provision with the current version set forth in § 523(a)(6). In that context, the Court construed the term "property" as "something subject to ownership, transfer or exclusive possession and enjoyment, which may be brought within the dominion and control of a court through some recognized process," citing *Ward v. Prenzi,* 3 B.R. 165 (Bankr. D.Ariz.1980); *Lawrence T. Lasagna, Inc. v. Foster,* 609 F.2d 392 (9th Cir.1979); *Gleason*

*v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915).

There is nothing in the legislative history of § 523(a)(6) dealing with this subject which indicates that the case law interpreting the statutory predecessor of § 523(a)(6) no longer represents a proper construction of the term "property" as that term is used in § 523(a)(6). Clearly one's right to a good credit rating is no different than one's right to an unimpaired financial condition. Based on the foregoing, this Court is satisfied that the extension of credit and credit rating are not species of "property" which would be covered by § 523(a)(6).

In sum, this Court is satisfied that based on the undisputed facts on this record, the Debtor is entitled to a judgment in his favor as a matter of law. Based upon the foregoing, this Court is satisfied that all three counts should be dismissed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment as to Counts I, II, and III filed by the Plaintiff is hereby denied. It is further,

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment as to Counts I, II, and III filed by the Debtor is hereby granted. A separate final judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.